■ Philip G. Schuls, Appellant, v State of New York, Respondent. (Claim No. 61656.) — Judgment unanimously affirmed, without costs. Memorandum: Upon reviewing the record, we agree with the Court of Claims that there is no basis upon which the State may be liable for its decision to increase the speed limit and permit passing on a 14-mile stretch of thruway handling two-way traffic during a period of road construction. With respect to planning decisions, the courts may not substitute their judgment for that of the governmental body designated to make the choice in the first place. Liability may be found only where the State failed to exercise due care in reaching the decision, reached a decision inherently unreasonable, or failed to review the plan in light of actual operation (*Weiss v Fote,* 7 NY2d 579, 586-587). Although there were conflicting opinions as to whether passing should be allowed, there was no evidence to support a finding that the decision reached was inherently unreasonable, particularly in view of evidence that this stretch of highway was in good

condition, level, and relatively straight and had the advantage of being a limited-access road. Nor can we say the decision was made without adequate study. The regional director in charge based his decision on input from various other experts as well as associates at a meeting held late in 1973. Although opinions were not unanimous, "something more than a mere choice between conflicting opinions of experts is required before the State or one of its subdivisions may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (*Weiss v Fote, supra,* p 588). Claimant alleges that various studies should have been made but does not explain how those studies would have altered the decision. Claimant also asserts that there was inadequate monitoring, but fails to explain what should have been done or how this would have altered the decision. (Appeal from judgment of Court of Claims, Lowery, J. — contribution — negligence.) Present — Dillon, P. J., Hancock, Jr., Doerr, Moule and Schnepp, JJ.