OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The record in this action, based on alleged failure by defendant architects in preparing budget estimates for a building designed by them for plaintiff to have employed the skill and knowledge ordinarily possessed and used by proficient architects in the area, is devoid of any proof of specific acts of negligence. Plaintiff relied entirely on testimony that the variance of cost estimates from bids was normally within a range of from 10 to 15%, the fact that bids received on the project in question were from 33 to 45% above defendant’s estimates, and the opinion of its expert witness (an architect in the area), predicated solely on the fact of the discrepancy with no familiarity with the plans of the project and no awareness of the manner in which defendants had arrived at its cost estimates, that defendant’s performance was a departure from good and accepted architectural practices in the region. The same witness also testified that “estimating is an inexact science at best”, that many factors have an influence on the compilation of bids, and that architects have no control over competitive bidding or the market and negotiating conditions.
On such a record it was error for the trial court to have submitted the case to the jury and to have instructed it, over objection by defendant, that it would find that defendant had deviated from the required professional standard if it found that the probable construction cost prepared by it “was so far out of line that it really means that they didn’t do their work properly”. The fact of the unexplained, substantial discrepancy between defendant’s projection of *886 cost and the actual bids neither was proof of negligence by defendants nor did it permit an inference of negligence.
The position, taken by plaintiff in this court for the first time, that its action is one for breach of contract for failure to have provided a “probable construction cost” required by the contract, is an impermissible departure both from its pleadings and from the theory under which the case was tried and submitted to the jury. Moreover, there being an absence of proof in the record to support it, any claim for breach of contract could not serve to sustain the verdict returned in plaintiff’s favor.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.