■ DARLA LINDSAY, Individually and as Administratrix of the Estate of KELLY HILTS, Deceased, Appellant, v ACADEMY BROADWAY CORPORATION, Defendant, and OUTDOOR VENTURE CORPORATION, Respondent. [603 NYS2d 622] —Cardona, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered October 16, 1992 in Madison County, which granted defendant Outdoor Venture Corporation's motion for summary judgment dismissing the complaint and all cross claims against it.

On or about July 28, 1987, at approximately 2:45 A.M., two security guards patrolling the Darien Lakes Campground in Genesee County discovered plaintiff's decedent and two deceased companions in two camping tents. It is uncontroverted that lightning struck the camp site resulting in the electrocution of all three young men.

On this appeal, plaintiff urges reversal of the grant of summary judgment to defendant Outdoor Venture Corporation (hereinafter defendant), arguing that defendant failed to satisfy its initial burden of establishing a prima facie right to judgment as a matter of law. In particular, plaintiff contends that the State Police report made following the discovery of the bodies and three color photographs taken of the tents

submitted by defendant on the motion were not in admissible form and should not have been considered.

Defendant's affidavits in support of its motion properly relied upon facts drawn from the police report and the photographs to establish that decedent was not found in the tent which they manufactured but rather in the maroon and yellow tent manufactured by defendant Academy Broadway Corporation. The police report is hearsay but, contrary to plaintiff's contention, it is admissible under the business record exception of CPLR 4518 (a) inasmuch as the witnesses who gave the statements were police officers at the scene with a duty to report their observations to the recording officer *(see, Toll v State of New York,* 32 AD2d 47, 49).

It is uncontroverted that the photographs of the subject tents were taken during the process of discovery and inspection. Plaintiff did not and does not controvert the fact that each of the tents depicted in the photographs has an attached label(s) identifying its manufacturer and, additionally, with respect to defendant's tent, a sewn-in patch displaying the company logo. These circumstantial facts are sufficient evidence of the photographs' authenticity and therefore they were properly considered. Moreover, plaintiff conceded in her papers before Supreme Court that at the time of his death, decedent was occupying a yellow and maroon tent and that his two companions were occupying a blue tent, manufactured and marketed by defendant.

Defendant made a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). By showing that it did not manufacture or market the tent in which decedent was killed, defendant demonstrated that its tent was not the proximate cause of his death and that defendant did not owe decedent any duty to warn about the dangers of occupying its camping tents (because of their metallic poles) during electrical storms. Upon this showing, the burden shifted to plaintiff to come forward with sufficient proof in evidentiary form to establish the existence of a material issue requiring a trial *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Plaintiff's response that decedent was killed by lightning which first struck defendant's tent, and then traveled through the ground striking the tent occupied by decedent, is based upon an opinion expressed in the police report which is purely speculative and is insufficient evidence to create a material issue of fact requiring a trial

*(see, supra).* No evidentiary facts have been submitted by plaintiff to support any theory of liability against defendant.

We need not address defendant's other contentions.

Mikoll, J. P., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.