■ DAVID T. BENJAMIN et al., Appellants, v STATE OF NEW YORK, Respondent. [609 NYS2d 975] —Crew III, J. Appeal from a judgment in favor of the State, entered November 13, 1992, upon a decision of the Court of Claims (Bell, J.).

On January 11, 1990, claimant David T. Benjamin (hereinafter Benjamin) sustained personal injuries when the vehicle he was operating veered off State Route 9B in the Town of Champlain, Clinton County, and struck a railroad rail marking a nearby culvert. Benjamin and his spouse commenced this action alleging that the State was negligent in failing to replace the railroad rail with a flexible marker made of material that would collapse when struck by a vehicle. After a trial, the Court of Claims dismissed the claim holding that the State did not have a duty to replace the marker. We affirm.

The record reveals that Route 9B was constructed in 1912 and reconstructed in 1925. The railroad rail which Benjamin struck had been in place continually for more than 50 years. In 1980, the State Department of Transportation (hereinafter DOT) repaved 2.3 miles of Route 9B, including the area of the accident. At that time, the paved shoulders of the road were extended from two feet to four feet. However, no attempt was made to remove or replace the railroad rail, which was located some seven feet outside the paved portion of the road.

Claimants contend that by reason of certain provisions of

the New York State Highway Design Manual, adopted after the installation of the railroad rail, the State had a duty to replace the rail with a flexible marker. We disagree. The Manual provides that concrete and wood posts located within 30 feet of the paved portion of a road must be removed where such posts have been used in lieu of guide rails and, further, that such posts are not to be used to mark culverts. Clearly, the Manual requires DOT to seek out and remove concrete and wood posts being used in lieu of guide rails, but not those being used as culvert markers. Rather, a fair reading of the applicable provision of the Manual prohibits DOT from using concrete and wood posts as culvert markers subsequent to the promulgation of the Manual. It would be unreasonable indeed to interpret the aforesaid provisions as requiring DOT to seek out and remove culvert markers erected many years prior to the promulgation of the Manual (see, e.g., Mason v State of New York, 180 AD2d 63, 65-66; Washington County Sewer Dist. No. 2 v White, 177 AD2d 204, 207).

Moreover, even if it could be said that the Manual required DOT to remove such railroad rails, failure to comply with those provisions would constitute only some evidence of negligence, not negligence per se (see, Long v Forest-Fehlhaber, 55 NY2d 154, 160). We agree with the Court of Claims that the balance of the evidence in the record is insufficient to establish negligence on the part of the State.

Claimants further contend that the 1980 project undertaken by DOT constituted a reconstruction project, not merely repaving, and, as such, required DOT to replace the railroad rail. We disagree. The State's resident engineer testified that a reconstruction project would have been undertaken by the Design Unit of DOT in Albany, whereas a repaving project is undertaken, as here, by the regional Maintenance Unit of DOT. Furthermore, there is nothing in the record which indicates that the project constituted a modernization or correction of the road, which is the sine qua non of a reconstruction project (see, Mason v State of New York, supra, at 66).

We have reviewed claimants' remaining contentions and find them unpersuasive.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.