■ ADALBERTO AYALA, Respondent-Appellant, v JUAN KAESTNER, Appellant-Respondent, and CITY OF NEW YORK et al., Respondents. [637 NYS2d 722] —Judgment, Supreme Court, New York County (Salvador Colazzo, J.), entered September 16, 1994, which, after a jury trial, awarded plaintiff the

principal sum of $273,000, together with interest, costs and disbursements, and dismissed the action as against defendants City of New York and Acolyte Electric Corp., unanimously affirmed, without costs.

The verdict in this automobile accident case, holding the defendant driver entirely liable and exonerating the City and the company that had contracted with the City to maintain the inoperative traffic signal at the intersection where the accident occurred, was not against the weight of the evidence. On the critical issue of whether the City had notice of the defective condition, the only evidence that the traffic signal had been inoperative for a sufficient length of time before the accident came in the form of the deposition testimony of the defendant driver, who did not appear at trial. On the other hand, documentary evidence in the form of contemporaneous maintenance records indicated that the defective condition was reported the morning after the accident and repaired two hours later. It was within the province of the jury to resolve the conflict in these two versions (*see, Vavosa v Stiles*, 220 AD2d 363, 364). Moreover, as to defendant Acolyte, the maintenance company, there was no demonstration that its agreement with the City imposed upon it any duty to plaintiff, as a member of the public (*see, Parada v City of New York*, 205 AD2d 427, 429).

The trial court properly responded to the jury inquiry as to whether the City's failure to maintain bushes and trees on the Broadway median was a basis for liability that they should consider. This theory of liability was correctly withheld from the jury since it had been nowhere pleaded and was neither the subject of a motion to conform the pleadings to the proof nor a request to charge (*see, Petrovski v Fornes*, 125 AD2d 972, 973-974, *lv denied* 69 NY2d 608).

While plaintiff's expert rendered an opinion as to the ultimate issue of whether defendant Kaestner was driving in an unsafe manner, which opinion invaded the jury's province on a subject not beyond the ken of the ordinary juror (*see, Roman v Vargas*, 182 AD2d 543, 545), the objectionable testimony was elicited from plaintiff's own witness, and plaintiff failed to take a timely objection. Thus, his argument on the cross appeal, that he was prejudiced because such testimony may have led the jury to focus solely on the driver's conduct to the exclusion of the conduct of the City and of Acolyte, is unpreserved, and, in any event, on the merits, speculative.

Finally, under the circumstances herein, we do not believe the jury verdict to have been either an improper compromise or inadequate. Concur—Murphy, P. J., Sullivan, Rubin, Ross and Tom, JJ.