■ WENDY PURSEL, Appellant, v STATE OF NEW YORK, Respondent. [640 NYS2d 660] —Mikoll, J. P. Appeal from a judgment of the Court of Claims (Hanifin, J.), entered January 10, 1995, upon a decision of the court in favor of the State.

Claimant commenced an action for negligence against the State alleging that the State was liable for allowing a defective door on a booth located in a food court operated by Marriott Corporation in the mini-mall at the State University of New York at Binghamton (SUNY) in Broome County, where claimant worked. Claimant contends that the door released from its latched overhead, horizontal position while claimant was walking through, striking her on the left side of the head and causing injuries. Claimant alleged that the door became unlatched without anyone coming in contact with it. She contended as well that the door and metal latch were maintained and were within the exclusive control of the State and that the State had notice of the defect because two months earlier a similar accident occurred at another booth with a similar door arrangement.

In a bifurcated trial where only the issue of liability was decided, testimony disclosed that the door was removed after claimant's accident by Marriott employees. The manager of Marriott's food service enterprise at SUNY concluded that the door represented a hazard to employees. The latch holding the door up when opened had been fashioned and installed by a State employee who was not called to testify by either side. Until claimant's accident, which occurred on January 24, 1991, no complaints of a falling door were made to the State.

Claimant had been working at the pasta booth for a week before the accident. She testified that the door to the booth came crashing down from its raised, horizontal position four times during the week before her accident. Though claimant identified employees that viewed the door falling down, none was called to testify.

The maintenance manager testified that no complaint of falling doors was made to him outside the event involving claimant and that he never saw the particular door, nor the doors of other booths which opened in like fashion, fall. Testimony disclosed that the accident involving another employee occurred some two months earlier and involved a totally different arrangement to keep booth doors up and open and was thus appropriately discounted by the Court of Claims as irrelevant to the present claim.

In dismissing claimant's claim, the Court of Claims rejected claimant's contention that the door to her booth fell four times during the week of her employment. The court reasoned that such a continuing problem would have caught someone's attention. It was noted that employees who allegedly saw the doors fall in that week were not called to testify. Testimony of other employees indicated that they found no problem with the type of door and latch used and never saw the doors fall.

The court also found that claimant offered several contradictory variations on the theme of what caused the door to fall during her testimony, finally settling on the explanation, advanced for the first time on rebuttal, that the slotted area on the latch was not big enough for the bolt to slide into the bottom of the latch so as to hold the door securely raised. The Court of Claims concluded that claimant had not proven any of her theories of why the door fell and that it was most probable that the door fell because her coemployee had not latched it properly when the employee raised the door for claimant to enter the booth.

As to claimant's invocation of the doctrine of res ipsa loquitur, the Court of Claims found that the door and latch were not within the exclusive control of the State, in that the door and latch were used by Marriott employees, and there was a contract under which Marriott maintained the facilities. Claimant's claim was dismissed and this appeal ensued. There should be an affirmance.

The record supports the Court of Claims' conclusion that claimant is not credible because of her contradictory testimony. Claimant did not meet her burden of proof by a preponderance of the evidence and her negligence action was thus properly dismissed. Questions of credibility are within the province of the Court of Claims and should not be disturbed if supported by the record (*see, Raynor v State of New York*, 98 AD2d 865, 866). The record sustains the court's rejection of claimant's testimony.

We further hold that the Court of Claims' rejection of claimant's reliance on the theory of res ipsa loquitur was proper (*see, Davis v Vantage Homes*, 146 AD2d 879, 879-880). If negligence can be accounted for on any reasonable ground other than the defendant's negligence, then the theory is not allowed (*see, Pipe Welding Supply Co. v Haskell, Connor & Frost*, 96 AD2d 29, 32, *affd* 61 NY2d 884). The record herein supports the court's conclusion that the door and latch were not in the State's exclusive control. Further, there was proof that the latch may not have been properly latched by claim-

ant's fellow employee. Under these circumstances, the court was correct in holding that res ipsa loquitur is not applicable.

Crew III, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.