■ Doris E. Morrisseau, as Parent and Guardian of Elaine T. Morrisseau, an Infant, Respondent, v State of New York,

Appellant. (Claim No. 79428.) (And Another Related Claim.) [655 NYS2d 122] —Casey, J. Appeal from a judgment of the Court of Claims (Benza, J.), entered January 31, 1996, upon a decision of the court following a bifurcated trial in favor of claimant on the issue of liability.

The collision prompting this claim occurred in the Town of Sand Lake, Rensselaer County, at about 2:30 P.M. at the intersection of State Routes 66 and 43. Claimant's vehicle, which was traveling north on Route 66, was struck as it entered the intersection by a vehicle operated by Barbara Cantwell, which was traveling east on Route 43. Claimant filed claims against the State on behalf of her daughter, who was a passenger in her vehicle, and on her own behalf. Claimant contends that although Cantwell had a stop sign facing her as she approached the intersection, Cantwell's failure to obey it was due to the fact that the stop sign was obscured by a route marker assembly negligently placed by State workers at the time of the reconstruction of that intersection. In a bifurcated trial, the Court of Claims found that the State's negligent placement of the signs was the proximate cause of the accident and that the State was 100% liable. The State appeals from the judgment entered on this determination. The State contends that the stop sign was only partially obscured by the route marker assembly and that Cantwell's inattention to the markings at the intersection caused the accident.

We affirm the finding of the Court of Claims, which found the State solely liable and attributed no fault to either claimant or Cantwell. According considerable deference to the findings of the Court of Claims, as is appropriate (*see, Newland v State of New York*, 205 AD2d 1015, 1016), we find that its determination is fully supported by the record evidence.

Cantwell's testimony revealed that she did not see any traffic control warning devices as she approached the intersection and that she saw only the route marker assembly. Although she looked left and right, she did not see the stop sign behind the route marker assembly until she was already going through the intersection, and that she first saw claimant's vehicle at the same time that she saw the stop sign. Claimant, on the other hand, testified that she was familiar with the intersection and knew that Route 43 had a stop sign. Thus, the Court of Claims reasonably concluded that claimant proceeded through the intersection at a careful and prudent rate of speed in reliance on the right-of-way she knew was in her favor. Various witnesses testified that the stop sign was not even partially visible to motorists until they were less than 200 feet

from the intersection. When this testimony was credited and bolstered with the evidence of reaction times and stopping distances, it is clear that there was an adequate basis for the Court of Claims' conclusion that the State's negligence alone was the proximate cause of the accident (*see, Alexander v Eldred*, 63 NY2d 460, 469).

Accordingly, the judgment of the Court of Claims should, in all respects, be affirmed.

Cardona, P. J., Crew III, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.