■ IRENE ZECCA, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 80087.) [669 NYS2d 413] —White, J. Appeal from a judgment of the Court of Claims (Benza, J.), entered January 23, 1996, upon a decision of the court following a bifurcated trial in favor of the State on the issue of liability.

Claimant commenced this action to recover damages for the personal injuries she sustained in a motorcycle accident that

occurred on August 27, 1988 on State Route 67 in the Town of Schaghticoke, Rensselaer County. It is undisputed that, prior to a resurfacing project undertaken by the Department of Transportation (hereinafter DOT) on August 1, 1988, Route 67 was designated a no-passing zone in the area of the accident scene by means of two parallel solid yellow barrier lines in the center of the highway. As the result of the resurfacing project, these pavement markings had been obliterated. In their place DOT had placed temporary pavement delineators* every 40 or 50 feet along the center line of Route 67, but had not erected no-passing signs.

It appears that on August 27, 1988 at around 10:45 P.M., claimant was a passenger on a motorcycle being operated by her husband, Joseph Zecca, in an easterly direction along Route 67. Some distance ahead of Zecca, a vehicle in the eastbound lane operated by Janice Jesmain was slowing down, preparing to make a left hand turn into the driveway of the Jesmain residence. Although Jesmain claims to have had her left directional signal on, Zecca attempted to pass her. Unfortunately, he did not complete this maneuver as the motorcycle struck the rear tire area of the driver's side of the Jesmain vehicle. The force of the collision threw claimant from the motorcycle, causing her to sustain serious personal injuries.

Claimant predicated this action upon the allegation that the State was negligent in failing to warn Zecca of the no-passing zone by means of pavement markings or signs. After a bifurcated trial limited to the issue of liability, the Court of Claims found claimant's allegation to be without merit and dismissed her claim. She now appeals.

While the State has a duty to maintain its highways in a reasonably safe condition, it is not the insurer of the safety of its roads which means that no liability will attach to the State unless its ascribed negligence is the proximate cause of the accident (see, Redcross v State of New York, 241 AD2d 787, 788-789, lv denied 91 NY2d 801; Hough v State of New York, 203 AD2d 736). The State's liability is further limited by the fact that in the field of traffic design engineering, it is accorded a qualified immunity which can only be overcome with proof that a highway planning decision evolved without adequate study or lacked a reasonable basis (see, Friedman v State of New York, 67 NY2d 271, 283-284; Niles v State of New York, 201 AD2d 774).

The reference point for measuring the reasonableness of

---

* These delineators consisted of white strips, approximately 12 to 18 inches long.

DOT's decisions herein is the Manual of Uniform Traffic Control Devices (hereinafter MUTCD; 17 NYCRR ch V). Our examination of the record shows that DOT complied with MUTCD by erecting, in advance of the construction zone, a road construction warning sign and by placing the delineators along the center line of Route 67 (*see,* 17 NYCRR 291.3 [a]). While MUTCD provides that, where highway work obliterates barrier lines, other devices, like no-passing signs, may be used to restrict passing (17 NYCRR 301.6 [b] [3]), this regulation is permissive (17 NYCRR 200.5). In the absence of proof that Route 67 in the area of the accident presented hidden hazards to drivers who, having been warned they were in a construction zone, should have been driving cautiously (*see, Tely v State of New York,* 33 AD2d 1061, 1062), we cannot say that DOT's decision not to erect no-passing signs was unreasonable. There also was no showing that DOT's plan to complete all resurfacing work prior to the placement of permanent pavement markings violated accepted traffic design engineering principles. Therefore, assessing this record, we agree with the Court of Claims that liability cannot be imposed upon the State.

The Court of Claims also found that the proximate cause for this accident was Zecca's negligence in the operation of his motorcycle. As we accord considerable deference to the findings of the Court of Claims (*see, Morrisseau v State of New York,* 237 AD2d 803), we shall not disturb this finding as it is fully supported by the record. Specifically, the investigating officer attributed the accident to the unsafe speed of the motorcycle and the fact that Zecca was passing in this area. Further, the fact that the motorcycle struck the rear tire area of the Jesmain vehicle indicates that said vehicle was almost in the driveway when it was hit, thereby supporting the inference that Jesmain did not suddenly turn in front of Zecca.

For these reasons, we affirm the judgment of the Court of Claims.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.