■ DONNA LIGHT, Individually and as Administrator of the Estate of ROBERT D. OBERKIRCH, Deceased, et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 77233.) [672 NYS2d 543] —Yesawich Jr., J. Appeal from a judgment of the Court of Claims (Benza, J.), entered March 24, 1997, upon a decision of the court in favor of the State.

An automobile accident occurred in December 1987 on State Route 28 in the Town of Ulster, Ulster County, when Alexandria Surgeary lost control of her westbound vehicle, crossed

into a lane of oncoming traffic and collided with a car driven by Robert D. Oberkirch. Surgeary, Oberkirch and Lori Light, one of Oberkirch's passengers, were killed in the collision, and claimant Donna Light (Oberkirch's wife and remaining passenger) was severely injured.

In the ensuing negligence and wrongful death suit, claimants sought, at trial, to prove that when the highway was reconstructed in the mid-1970s, the State, which had installed median barriers along a portion thereof, negligently failed to do so in the area where the accident occurred, and that the absence of such a barrier was a proximate cause of the collision. Finding, *inter alia*, that claimants had not carried their burden of proving that the relevant design decisions were the product of inadequate study or lacked a reasonable basis, the Court of Claims dismissed the action and this appeal followed.

We affirm. It is settled law that "liability for injury arising out of the operation of a duly executed highway safety plan may only be predicated on proof that the plan either was evolved without adequate study or lacked reasonable basis" (*Weiss v Fote*, 7 NY2d 579, 589). The trial testimony and exhibits demonstrate that the State's comprehensive reconstruction plan for the relevant section of the highway did not contemplate a barrier at the accident site (*compare, Cummins v County of Onondaga*, 198 AD2d 875, 877, *affd* 84 NY2d 322), and claimants proffered nothing—speculation and conjecture aside—to warrant a finding that "due care was not exercised in the preparation of [this aspect of] the design or that no reasonable official could have adopted it" (*Weiss v Fote, supra*, at 586; *compare, Alexander v Eldred*, 63 NY2d 460, 466). Consequently, claimants failed to satisfy their burden of proof (*see, Niles v State of New York*, 201 AD2d 774, 774-775) with respect to this issue.

Though fully aware that claimants' expert, Robert Dennison, opined that a median barrier should have been installed, we are also mindful that "something more than a mere choice between conflicting opinions of experts is required before the State * * * may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (*Weiss v Fote, supra*, at 588). Significantly, the engineers testifying on claimants' behalf conceded that the road in question was not of a type listed in the State Highway Design Manual as requiring a median barrier, and Dennison acknowledged that those were the "preeminent" standards to be applied in this redesign process (*cf., Zecca v State of New York*, 247 AD2d 776, 777-778).

And, while claimants place much emphasis on the fact that

barriers were constructed along two other nearby sections of the highway (which, according to Dennison, are indistinguishable from the location in question), that alone does not demonstrate that the decision to leave a gap in the barrier was the result of inadequate study, or was otherwise arbitrary or unreasonable. Nor was there any evidence that the subject area had been the locus of an unusual number of accidents, such as might have supported a finding that the State had notice of a dangerous condition requiring remedial action (*see, Friedman v State of New York*, 67 NY2d 271, 284; *Patti v State of New York*, 217 AD2d 882, 883), or had breached its duty to review the design "in * * * light of its actual operation" (*Weiss v Fote, supra*, at 587).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.