■ Mark E. Marshall, as Administrator of the Estate of Bonnie L. Brown, Deceased, Appellant, v State of New York, Respondent. [675 NYS2d 695] —Graffeo, J. Appeal from a judgment of the Court of Claims (Midey, J.), entered April 24, 1997, upon a decision of the court in favor of the State.

This wrongful death claim arises out of an automobile accident which occurred on June 15, 1991 at the intersection of State Route 11 and Blodgett Mills Road in the Town of Cortlandville, Cortland County. The decedent, Bonnie L. Brown, was a passenger in an automobile being operated by her husband, Russell Brown. At approximately 7:00 P.M., the Browns were heading in an easterly direction on Blodgett Mills Road toward the intersection of Route 11 after leaving Skyline Speedway Racetrack. Upon arriving at the intersection with

Route 11, the Browns' automobile came to a full stop.[1] As they entered the intersection, a vehicle proceeding on Route 11 struck the Browns' automobile. Both Browns sustained fatal injuries. The driver of the other vehicle, Sheldon O'Neill, testified that he was traveling at 55 to 60 miles per hour on Route 11 when he saw the Browns' car making a left turn onto Route 11 approximately 30 yards away. O'Neill claimed that he was unable to avoid the collision. At a bifurcated trial on the issue of liability, claimant contended that the State was negligent in the design and maintenance of the intersection. The Court of Claims found that claimant had not met his burden of proving negligence on the part of the State and, further, that any purported negligence was not the proximate cause of the accident.

It is axiomatic that although the State has "a duty to maintain its highways in a reasonably safe condition, it is not the insurer of the safety of its roads" (*Zecca v State of New York*, 247 AD2d 776, 777). Additionally, the State will not be held liable unless it is demonstrated that the State's negligence was a proximate cause of the accident (*see, id.*, at 777; *Ether v State of New York*, 235 AD2d 685). We agree with the Court of Claims' determination that the State was not negligent and that the cause of the accident was Russell Brown's negligence in failing to yield the right-of-way to the O'Neill vehicle.

Claimant's expert witness, who inspected the intersection approximately nine months after the accident, opined that the sight distance at the intersection was insufficient for the posted speed limit due to the presence of shrubbery and trees. However, the State elicited credible expert testimony refuting claimant's theory, indicating that the sight distance was adequate at the intersection. Furthermore, an employee of the State who visited the intersection two days after the accident testified that the area was regularly maintained and that the vegetation at the intersection was not overgrown. The record also indicates that two warning signs, one advising motorists of an approaching curve and the other indicating the presence of an intersection, were posted on Route 11.

Although various individuals involved in accidents at or near the site testified to the hazard they perceived at the intersection, the State established that it had not received any prior

---

1. Decedent's son and daughter-in-law who were in a vehicle behind the Browns' automobile, testified that Russell Brown made a stop when he approached the intersection, then edged forward and stopped again before entering Route 11. Their statements to police the day after the accident did not refer to the second stop by the Brown vehicle.

complaints with respect to the intersection and only one previous accident was substantially similar. Notwithstanding the Court of Claims' improper admission of evidence of Russell Brown's blood-alcohol content, admissible evidence was introduced establishing that he had consumed alcohol prior to the accident.[2] Based on the record, we find that claimant did not establish by a preponderance of the evidence that the State was negligent (*see, Pursel v State of New York*, 226 AD2d 872; *Cipriano v State of New York*, 171 AD2d 169, *lv denied* 79 NY2d 756).

Additionally, claimant's assertion that he was unfairly prejudiced by the substitution of a jurist is without merit. The Judge who presided at trial retired prior to rendering a decision and, therefore, the Court of Claims was within its authority to substitute another Judge to render a decision (*see*, Court of Claims Act § 12 [3]). Moreover, the parties stipulated to the substitution to avoid having to retry the case. Under these circumstances, claimant was not unfairly prejudiced by the substitution (*see, Robinson v State of New York*, 228 AD2d 52, *lv denied* 89 AD2d 812).

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.

2. The State failed to provide a proper foundation for the uncertified (*see*, CPLR 2306) medical report containing decedent's blood-alcohol content. However, there was witness testimony acknowledging that decedent consumed beer at the raceway.