■ GWENDOLYN T. DENCH et al., Appellants, v UNSMOKE SYSTEMS, INC., et al., Respondents. ENVIRO-CARE, INC., Third-Party Plaintiff, v CHARLES W. SHRIVER, Individually and Doing Business as C.W.S. FINANCIAL SERVICES, et al., Third-Party Defendants-Respondents. [689 NYS2d 880] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Pigott, Jr., J. (Appeal from Order of Supreme Court, Wyoming County, Pigott, Jr., J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Scudder and Callahan, JJ.

■ In the Matter of MICHAEL DUMOND et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 87263.) [689 NYS2d 898] —Judgment unanimously affirmed without costs. Memorandum: The Court of Claims determined that defendant's failure to install a three-light traffic signal at the intersection was not a proximate cause of the accident. That determination is not against the weight of the evidence. The argument of claimants that a different reasonable interpretation of the testimony supports their position is unavailing. "According considerable deference to the findings of the Court of Claims, as is appropriate", we conclude that its determination is fully supported by the record (*Morrisseau v State of New York*, 237 AD2d 803, 804; *see, Zecca v State of New York*, 247 AD2d 776). Claimants failed to show that defendant's traffic signal study and decision with regard to the intersection was plainly inadequate or without a reasonable basis (*see, Friedman v State of New York*, 67 NY2d 271, 284; *see also, Weiss v Fote*, 7 NY2d 579, 588-589, *rearg denied* 8 NY2d 934). (Appeal from Judgment of Court of Claims, McNamara, J.—Negligence.) Present—Green, J. P., Pine, Wisner, Scudder and Callahan, JJ.