■ ZI GUANG, Appellant, v STATE OF NEW YORK, Respondent. [695 NYS2d 142] —Graffeo, J. Appeal from a judgment of the Court of Claims (Benza, J.), entered June 5, 1998, upon a decision of the court in favor of the State.

Claimant, an inmate at Eastern Correctional Facility in Ulster County, commenced this action to recover money damages for personal injuries sustained in an incident which occurred in September 1989. At the time of the occurrence, claimant was assisting his civilian supervisor in preparing food in the prison's kitchen. Claimant was left alone for a short period of time and upon his supervisor's return, claimant was found on the floor in the hallway outside the kitchen. According to the supervisor, claimant was unconscious, shaking and bleeding from his mouth. He also noted that claimant was clothed and his pants and shirt were not in disarray. Claimant was taken to the prison's infirmary but upon regaining consciousness, he could not recall what had happened. He later stated that he recalled being hit on the head and choked. Claimant was transferred to Ellenville Hospital and later to Horton Memorial Hospital for treatment. The presumptive diagnosis was a seizure and, therefore, numerous tests were performed at Horton Memorial, including a CAT scan and sonogram. After his release, claimant was scheduled for psychiatric evaluations but was readmitted to Horton Memorial for psychological treatment due to his unresponsiveness, flaccidity and excruciating headaches. While a hospital in-patient, claimant apparently suffered two seizures for which he was prescribed medication. Claimant was returned to the correctional facility but when he continued to exhibit abnormal behavior, he was sent to Central New York Psychiatric Center in January 1990 for further psychological evaluation and treatment and eventually was discharged from that facility in March 1990.

A correction officer on duty at the time of the incident responded to the occurrence and interviewed the kitchen supervisor and another guard on duty. Although he came to the conclusion that the incident was not suspicious, a sergeant at the prison had previously written an internal memorandum

stating that a "reliable source" had suggested that claimant and another inmate had been assaulted by two other inmates while the alleged assailants were in the process of stealing food from the kitchen. The sergeant, however, did not conclude that claimant had been assaulted, but soon after this memorandum was issued, the two inmates were transferred to another prison.

Thereafter claimant commenced this proceeding against the State asserting, *inter alia*, that he was attacked and sodomized by two inmates as a result of the State's negligence and that the treatment he received for his injuries constituted medical malpractice. Following a trial held in the Court of Claims, his claims were dismissed. Claimant now appeals.

It is well settled that while the State is not an insurer of inmate safety, it must provide reasonable protection against foreseeable risk of attack by other inmates (*see, Colon v State of New York*, 209 AD2d 842; *Dizak v State of New York*, 124 AD2d 329). Here, the Court of Claims found that claimant failed to establish by a preponderance of credible evidence, a *prima facie* case that his injuries resulted from an assault by fellow inmates. We find that the court's determination was supported by the record, especially since credibility assessments and the interpretation of the facts, crucial issues in this case, were clearly within the province of the trial court (*see, Pursel v State of New York*, 226 AD2d 872; *Raniere v State of New York*, 198 AD2d 795; *Weber v State of New York*, 107 AD2d 929).

In support of the contention that he was assaulted, claimant proffered the testimony of a physician who stated that the injury to claimant's head resulted from an attack. Claimant also submitted the internal report prepared by two correction officers pertaining to the alleged assailants which stated: "On information gained from reliable source. Above staff were informed that [two] inmate[s] * * * made an assault on [claimant and another inmate]". The memorandum concluded with the statement that "above named inmates are now attempting to place pressure on staff members".[1]

In contrast to claimant's allegations, the State presented ev-

---

**1.** The Court of Claims admitted the document "as a business document, but not for the purposes of establishing the truth of the statements that are made therein." We do not find error with this ruling. Because the source of information was an inmate who was under no duty to perceive or report the event, it was inadmissible under the business document exception to the hearsay rule (*see*, CPLR 4518; *see also, Matter of Leon RR.*, 48 NY2d 117, 123; *People v Edmonds*, 251 AD2d 197, *lv denied* 92 NY2d 924; *compare, Lindsay v Academy Broadway Corp.*, 198 AD2d 641). In light of our affir-

idence that claimant's injuries and amnesia were the result of a seizure, not an attack. The kitchen supervisor testified that when he discovered claimant, it appeared as though he was having a seizure because he was on the floor shaking and bleeding from his mouth. The State's medical expert indicated that evaluations of claimant revealed that he had a history of seizures.

According substantial deference to the Court of Claims' findings (*see, Morrisseau v State of New York*, 237 AD2d 803), and in view of the dearth of proof to support claimant's version of the events, we concur that claimant failed to prove by a preponderance of the evidence that he was a victim of sodomy or assault by fellow inmates. In the absence of proof of an attack, we need not address the State's alleged negligence. Similarly, we are unpersuaded that claimant was entitled to the benefit of the *Noseworthy*[2] doctrine since he failed to demonstrate the causal connection between his alleged memory loss and the State's fault (*see, Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328, 335).

We also concur with the Court of Claims' determination that claimant failed to establish the existence of medical malpractice. After an extensive review and analysis of the medical testimony and evidence, the Court of Claims concluded that claimant had not demonstrated that the State's physicians committed malpractice. Claimant's medical expert testified that some of the treatment he received after the incident was a departure from accepted medical practices. The State's medical expert disagreed and opined that all the diagnoses and treatments received by claimant were consistent with accepted medical practices. It is also noteworthy that claimant's expert at trial was often unresponsive to questions and appeared unfamiliar with claimant's medical records. According substantial deference to the court's credibility assessments and factual determinations (*see, Brown v State of New York*, 192 AD2d 936, 938, *lv denied* 82 NY2d 654), the Court of Claims' findings with regard to claimant's medical malpractice claim were supported by the record and will not be disturbed.

Claimant's remaining contentions have been considered and found lacking in merit.

mance, we do not find it necessary to address whether or not the document was properly admitted for reasons other than for truth of the matter asserted (*see, e.g., Splawn v Lextaj Corp.*, 197 AD2d 479, *lv denied* 83 NY2d 753; *Hayes v State of New York*, 50 AD2d 693, *affd* 40 NY2d 1044).

**2.** (*Noseworthy v City of New York*, 298 NY 76; *see, Schechter v Klanfer*, 28 NY2d 228).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.