■ MARLENE MONROE et al., as Coadministrators of the Estate of KAREN SMOKE, Deceased, Appellants, v EUGENE C. LOZNER et al., Respondents. [701 NYS2d 679] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action seeking damages for the alleged negligence of defendants in providing medical treatment to plaintiffs' decedent when she was under their care at Crouse Hospital, Inc. (Crouse). Plaintiffs allege, *inter alia,* that defendants were negligent in failing to transport decedent to SUNY Health Science Center (Upstate) in a timely manner so that lifesaving surgery could be performed. The jury found that neither defendant was negligent and rendered a verdict of no cause of action.

Plaintiffs contend that Supreme Court erred in denying their motion to strike testimony regarding the policies and procedures of Upstate with respect to the transfer of surgical patients. We disagree. Much of that testimony was elicited by plaintiffs' counsel (*see, Ayala v Kaestner,* 224 AD2d 266, 267; *Dean v Long,* 127 AD2d 899, 900), and plaintiffs did not timely object to the remaining testimony when it was presented by defendants (*see, Baumis v General Motors Corp.,* 106 AD2d 789, 790, *affd* 66 NY2d 777). In any event, contrary to plaintiffs' contention, the testimony at issue did not raise an unpleaded affirmative defense (*see, Stevens v Northern Lights Assocs.,* 229 AD2d 1001, 1002). Plaintiffs failed to preserve for our review

their alternative contention that the challenged testimony constitutes inadmissible hearsay *(see, Barracato v Camp Bauman Buses,* 217 AD2d 677, 678).

The court erred in refusing to admit in evidence a certified record setting forth the policies of Crouse with respect to patient transfers. Contrary to the court's determination, that record is relevant to plaintiffs' case and it was not untimely offered. Nevertheless, reversal is not required based upon that error because the excluded matter would not "have had a substantial influence in bringing about a different verdict" *(Khan v Galvin,* 206 AD2d 776, 777). (Appeal from Judgment of Supreme Court, Onondaga County, Tormey, III, J.—Negligence.) Present—Denman, P. J., Green, Pigott, Jr., Hurlbutt and Balio, JJ.