■ PENNY D. EDWARDS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 94051.) [703 NYS2d 643] —Judgment unanimously affirmed without costs. Memorandum: The Court of Claims properly dismissed this claim arising out of an automobile accident at the intersection of State Route 12 and Oneida County Route 74. The accident occurred when claimant, traveling east on Route 74, failed to stop at the intersection and struck a vehicle traveling south on Route 12. Claimant did not see the stop sign facing her before proceeding into the intersection. Claimant alleges that defendant, State of New York (State), was negligent in failing to place a "stop ahead" sign in advance of the intersection, maintaining the stop sign at an improper height and position, and failing to undertake periodic maintenance or conduct an investigation of the conditions at the intersection following five previous accidents.

"It is axiomatic that although the State has 'a duty to maintain its highways in a reasonably safe condition, it is not the insurer of the safety of its roads'" (Marshall v State of New York, 252 AD2d 852, 853, quoting Zecca v State of New York, 247 AD2d 776, 777). Further, the State will not be held liable absent proof that it was negligent and that its negligence was a proximate cause of the accident (see, Marshall v State of New

*York, supra,* at 853). Claimant failed to establish by a preponderance of the evidence that the State was negligent (*see, Marshall v State of New York, supra,* at 854). Claimant failed to establish that the State acted unreasonably in failing to place a "stop ahead" sign in advance of the intersection (*see, Zecca v State of New York, supra,* at 778) or maintaining the stop sign at a height exceeding 10 feet (*see, Belonzi v Town of Brookhaven,* 227 AD2d 361, 362, *lv denied* 88 NY2d 811). Further, the State presented proof that it periodically maintained all of the signs in the area encompassing the subject intersection. Finally, claimant failed to establish that the previous accidents at the intersection warranted an investigation of the conditions at the intersection (*cf., Posman v State of New York,* 117 AD2d 915, 917).

The court properly excluded from evidence certain photographs purporting to depict the position of the stop sign. Claimant failed to authenticate those photographs properly (*see, Truesdell v Rite Aid,* 228 AD2d 922, 923; *Niles v State of New York,* 201 AD2d 774, 777; *Leven v Tallis Dept. Store,* 178 AD2d 466, 466-467). (Appeal from Judgment of Court of Claims, McNamara, J.—Dismiss Claim.) Present—Green, A. P. J., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.