■ Frederick J. Ring, III, Appellant, v State of New York, Respondent. [705 NYS2d 427] —Cardona, P. J. Appeal from a judgment of the Court of Claims (McNamara, J.), entered December 22, 1998, upon a decision of the court in favor of the State.

On June 25, 1988, at approximately 2:00 A.M., claimant was seriously injured in a one-car accident in the Town of Schaghticoke, Rensselaer County, when a vehicle owned and operated by Colin Short, in which claimant was a passenger, left East Schaghticoke Road (hereinafter the Road) at a curve, became airborne and landed on the front passenger side of the roof. It is undisputed that the speed limit for the Road at the time of the accident was 30 miles per hour and there were no curve warning signs or guide rails at the curve where the accident occurred. At the time of the accident, claimant and Short had just left one party and were on their way to another. Short admitted drinking a six-pack of beer earlier that evening and it was estimated that he was driving between 55 to 57 miles per hour when his vehicle left the highway. Short testified that he had driven over the Road numerous times in the past. As a result of the accident, unfortunately claimant was rendered a quadriplegic. Short, who was not seriously injured, was arrested and subsequently pleaded guilty to driving while intoxicated and vehicular assault.*

Claimant thereafter filed this claim against the State alleging that his injuries were caused by, *inter alia*, the absence of

---

* Short registered a 0.12 blood alcohol content on a breathalyser some 2 to 3 hours after the accident.

warning signs at the curve. Claimant also maintained that if a guide rail had been in place at the curve, it would have directed Short's vehicle back to the highway. Following a trial on the issue of liability only, the Court of Claims dismissed the claim and claimant appeals.

We affirm. While the State has a duty to maintain its highways in a reasonably safe condition, it is not the insurer of the safety of its roads, which means that no liability will attach to the State unless its ascribed negligence is a proximate cause of the accident (*see, Marshall v State of New York*, 252 AD2d 852, 853; *Redcross v State of New York*, 241 AD2d 787, 788-789, *lv denied* 91 NY2d 801). Although there is no question that the Road is a Town highway, the record demonstrates that it was under State supervision at the time of the accident and, thus, a threshold examination of the State's responsibility herein is appropriate. Specifically, the record discloses that after construction began in 1984 on a bridge on nearby State Route 67, traffic increased on the Road as motorists used it as an unofficial detour. Concern over the quality of the Road's surface prompted the State to temporarily take over the Road on June 17, 1988, as an official detour pursuant to Highway Law § 42, and oversee its repaving. The record further demonstrates that, a few weeks before that date, a Department of Transportation civil engineer inspected the Road and recommended to his supervisor that, *inter alia*, an advance curve warning sign be placed at the curve where the subject accident occurred. That suggestion had not been implemented by the date of claimant's accident, some eight days after the State officially took over the Road.

We note that the Court of Claims declined to address the issue of whether it was a breach of the maintenance duties undertaken by the State pursuant to Highway Law § 42 for it to take over the Road without simultaneously erecting the curve warning sign. Our review of this record indicates that the State was not negligent in that regard. Specifically, William Logan, the Department of Transportation regional traffic engineer involved in this project, testified that there was no delay in completing the traffic engineering study involving the sign and making the decision to implement the recommendation, and in fact, the work was completed on schedule. Moreover, there were no prior reported accidents on this stretch of highway and Logan testified that there were no factors present to lead him to prioritize the signing recommendation ahead of other outstanding projects (*cf., Friedman v State of New York*, 67 NY2d 271, 287; *Light v State of New York*, 250 AD2d 988, *lv*

*denied* 92 NY2d 807). Thus, even if claimant is correct in maintaining that the absence of an advance curve warning sign was a contributing factor in this accident, we conclude that the proof simply does not establish negligence on the part of the State in erecting the sign within a reasonable time.

We turn now to claimant's assertion that the State was negligent in not installing a guide rail at the subject curve. Assuming, arguendo, that installing a guide rail in an area with no previously reported accidents would not be deemed beyond the scope of the State's duties as defined by Highway Law § 42 (*see, Benjamin v State of New York*, 203 AD2d 629), we agree with the Court of Claims that the testimony of claimant's expert on this issue was too conclusory to be accorded persuasive weight.

We have examined claimant's remaining arguments and find them to be either without merit or unnecessary to resolve based upon our determinations herein.

Crew III, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.