■ MARY P. ROMEO, as Administratrix of the Estates of RUTH F. PARKINSON and Another, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 78634.) [709 NYS2d 783] —Judgment unanimously reversed on the law without costs and amended claim dismissed. Memorandum: Ruth F. Parkinson was injured on November 2, 1987 when she was struck by a motor vehicle as she was crossing West Genesee Street between the intersections of North Orchard Road and South Orchard Road in the Town of Geddes. Following a bifurcated trial, the Court of Claims found that the State's failure to install a traffic control signal on West Genesee Street in April 1986 following a 10-month study of the intersections was a proximate cause of the accident. The court found the State 75% responsible for the accident and, following a trial on damages, awarded claimant $740,000.

It is well established that "liability for injury arising out of the operation of a duly executed highway safety plan may only be predicated on proof that the plan either was evolved without adequate study or lacked reasonable basis" (*Weiss v Fote*, 7 NY2d 579, 589, *rearg denied* 8 NY2d 934). We conclude that the evidence is insufficient as a matter of law to support the court's determination that the study conducted by the State was inadequate and that the State therefore was not immune from liability.

The study was conducted by a qualified engineer with the assistance of another State employee and an engineering intern for the purpose of determining the need for a traffic control signal pursuant to 17 NYCRR part 271. It included, *inter alia*, field inspections, traffic meter counts, peak hour turning counts and an analysis of the accident history over a recent 32-month period. Based on that study, the State upgraded warning signs but did not install a traffic control signal.

The court found that the study was inadequate because the State spent a limited amount of time at the site and failed to take a pedestrian count. There is no requirement, however, that such a study include a minimum number of hours spent at the site. Although claimant's expert testified that the State should have spent at least two days counting the number of pedestrians, claimant failed to establish how that would have altered the State's decision (*see, Schuls v State of New York*, 92

AD2d 721, 722). Indeed, claimant's expert testified that he was "not suggesting that a pedestrian warrant should have been issued in this case" (see, 17 NYCRR 271.5). Furthermore, it is undisputed that little or no pedestrian traffic was observed at the site during the course of the study and that there was no history of prior pedestrian accidents. Thus, the State's failure to conduct a pedestrian count cannot be deemed arbitrary or unreasonable (see, Weiss v Fote, supra, at 586).

Despite the testimony of claimant's expert, the court found no other inadequacies in the State's study. We reject claimant's contention that the State's study was inadequate because it was not conducted as a traffic safety study in accordance with the State's "Safety Investigation Procedures Manual." Claimant failed to establish the applicability of that manual. We further reject claimant's contention that the State violated its continuing duty to monitor the effectiveness of the warning signs after they were installed. Claimant submitted no proof of changed conditions or accidents that would have required the replacement of the warning signs with a traffic signal (see, Weiss v Fote, supra, at 587-588). Indeed, claimant's expert never addressed that contention during his testimony.

We also reject claimant's contention that the study was inadequate because the State's condition diagram did not show the sight distance restrictions or the location of bus stops. The sight distances were recorded on the "signal investigation data sheet," and the State's engineer was aware of the bus stops from his visits to the site. The engineer's decision to discount the importance of the bus stops due to the lack of pedestrian accidents and pedestrian traffic cannot be deemed arbitrary or unreasonable.

"[S]omething more than a mere choice between conflicting opinions of experts is required before the State * * * may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (Weiss v Fote, supra, at 588; see, Light v State of New York, 250 AD2d 988, 989, lv denied 92 NY2d 807). "Strong policy considerations underpin the qualified immunity doctrine set forth in Weiss (supra), and in cases such as [this] where a governmental body has invoked the expertise of qualified employees, the Weiss directive should not be lightly discounted" (Friedman v State of New York, 67 NY2d 271, 285). We therefore reverse the judgment and dismiss the amended claim. (Appeal from Judgment of Court of Claims, Midey, Jr., J.—Negligence.) Present—Pine, J. P., Wisner, Scudder and Lawton, JJ.