■ JOYCE SACCO, Individually and as Parent and Natural Guardian of CANDICE SACCO, an Infant, Respondent, v ZACHERY M. HOYT et al., Respondents, and TOWN OF RICHLAND, Appellant. [750 NYS2d 546] —Appeal from that part of a resettled order of Supreme Court, Oswego County (McCarthy, J.), entered September 12, 2001, that denied the motion of defendant Town of Richland for summary judgment dismissing the complaint and cross claim against it.

It is hereby ordered that the resettled order so appealed from be and the same hereby is affirmed with costs for the reasons stated at Supreme Court, Oswego County, McCarthy, J.

All concur except Hayes, J., who dissents and votes to reverse the resettled order insofar as appealed from. I respectfully dissent. Plaintiff commenced this action seeking damages for injuries sustained by her infant daughter while she was a passenger in a vehicle operated by defendant Zachery M. Hoyt (Hoyt). In my view, Supreme Court erred in denying the motion of defendant Town of Richland (Town) for summary judgment dismissing the complaint and cross claim against it. Hoyt was driving along a road in the Town with a speed limit of 55 miles per hour. Hoyt admitted that he increased his speed to approximately 70 to 75 miles per hour in order to "jump the hill" on the road. Hoyt lost control of his vehicle, which then left the road and rolled over. In her complaint, plaintiff alleged

that the Town was negligent in, inter alia, failing to realign the road vertically, by flattening the crest of the hill.

It is axiomatic that, while a municipality has a duty to maintain its roadways in a reasonably safe condition (*see Friedman v State of New York*, 67 NY2d 271, 283; *Hough v State of New York*, 203 AD2d 736, 736-737), it "is not an insurer of the safety of its roadways" (*Tomassi v Town of Union*, 46 NY2d 91, 97). A municipality will not be held liable absent proof that it was negligent and that its negligence was a proximate cause of the accident (*see Edwards v State of New York*, 269 AD2d 863, 863-864). In this case, the Town met its burden of establishing that the road was reasonably safe for those who obeyed the rules of the road and thus that there was no breach of a duty by the Town (*see generally Tomassi*, 46 NY2d at 97), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). In any event, even assuming, arguendo, that the Town was negligent, I would nevertheless conclude that Hoyt's action in speeding to "jump the hill" was the sole proximate cause of the accident (*see Shevalier v Bentley*, 268 AD2d 622, 624). Thus, I would reverse the resettled order insofar as appealed from, grant the motion of the Town for summary judgment and dismiss the complaint and cross claim against it. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.