■ ROBERT C. RINALDI, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 85896.) [750 NYS2d 921] —Appeal from a judgment of the Court of Claims (Corbett, Jr., J.), entered April 25, 2001, which dismissed the claim upon a decision of the court.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: After being injured in a motor vehicle accident, claimant commenced this action in the Court of Claims, alleging that defendant, State of New York (State), negligently delayed in reconfiguring an intersection and negligently failed to provide adequate road signs and markings during an ongoing road-widening project. The court dismissed the claim for lack of proof of negligence and causation following a trial on liability and damages. On appeal, claimant raises six distinct contentions that essentially distill into two points: that the court erred in admitting evidence of habit or standard procedure offered by the State to prove that it had immediately replaced permanent warning signs removed as part of the construction work with temporary signs; and that claimant is entitled to judgment on his claim of negligence.

Reversal is not required as a result of the admission of evidence of the State's standard procedure with regard to the erection of temporary signs during construction work. The evidence in question was initially elicited by claimant from the State construction engineer, whom claimant called on his direct

case (*see Monroe v Lozner,* 267 AD2d 966; *Ayala v Kaestner,* 224 AD2d 266, 267). At no time during that direct examination did claimant object to that testimony or seek to have it stricken from the record on the ground that it constituted improper evidence of habit or standard procedure, nor did claimant "timely object to * * * [additional similar] testimony when it was presented by [the State] (*see, Baumis v General Motors Corp.,* 106 AD2d 789, 790, *affd* 66 NY2d 777)" (*Monroe,* 267 AD2d at 966). In any event, claimant did not sustain any prejudice as a result of the admission of that evidence. In dismissing the claim after trial, the court did not find that the State or its agent had erected temporary signs in the construction zone. Instead, the court noted the lack of evidence establishing the absence of temporary signs in the construction zone, and properly found that claimant had not sustained his burden of proving the absence of such signs.

Upon our review of the evidence adduced at trial, we conclude that the court did not err in dismissing the claim (*see Zmieske v State of New York,* 180 AD2d 894). Claimant failed to establish by a preponderance of the evidence that the State was negligent in its design, construction, or maintenance of the highway and that such negligence was a proximate cause of claimant's injuries (*see Edwards v State of New York,* 269 AD2d 863, 863-864; *Marshall v State of New York,* 252 AD2d 852, 853-854). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Burns, JJ.