Richard W. Hoyt, Esq. Informal Opinion Town Attorney No. 2003-15 Town of Montgomery 43 Orchard Street P.O. Box 402 Walden, New York 12586
Dear Mr. Hoyt:
You have asked, in your capacity as attorney for the Town of Montgomery, whether the Town is authorized to install "speed bumps" or similar speed control devices on a town highway. You have specified that the Town is interested in using such devices to slow traffic on a short town highway that serves as a connection between two state highways. We conclude that the installation of a speed bump on a town highway is not prohibited by State law, but is regulated as a highway design feature.
Background
Speed bumps are installations of raised pavement on roads or parking lots intended to slow vehicular traffic; they are generally three to six inches in height and one to three feet in length across the roadway or driving area. See JKS Associates, Inc., INCA Engineers, Inc. R. David MacDonald, A Guidebook for Residential Traffic Management 41 (Dec. 1994), reprinted in N.Y.S. Dep't of Transportation, Highway DesignManual, ch. 25, App. A (Rev. 36, Feb. 5, 1999). Speed bumps generally are intended to reduce vehicle speeds to five to ten miles per hour. FloridaPedestrian Planning and Design Handbook 129 (Sept. 1998), reprinted in
N.Y.S. Dep't of Transportation, Highway Design Manual, ch. 25, App. B (Rev. 36, Feb. 5, 1999). In a telephone call, you explained that the Town Superintendent of Highways installed a removable bump on the town highway in question, consisting of chain covered by rubber tubing extending across the roadway between two posts. The speed bump is approximately two to three inches high and will be removed during the winter months to allow for snow removal.[1]
Analysis
In determining whether the use of speed bumps is authorized under State law, a preliminary consideration is whether speed bumps are regulated as traffic control devices, which are signs, signals, markings and other devices placed on a roadway to regulate, guide or warn traffic. See
Vehicle and Traffic Law § 153. Except in a city having a population of over one million, the types of traffic control devices that a local government may place on its roadways is subject to state-wide uniformity in conformance with the Uniform Traffic Control Devices Manual adopted by the Department of Transportation. See Vehicle and Traffic Law §§ 1680, 1682; see also General Business Law § 599-a (prohibiting sale of traffic control devices that do not conform to Uniform Traffic Control Devices Manual without certificate of approval from Commissioner of Transportation). This Manual contains specifications for authorized traffic signs, signals, pavement markings and other traffic control devices, including barricades, drums, cones, warning flags and the like; it does not contain any reference to speed bumps. See 17 N.Y.C.R.R. Part V. Because speed bumps serve a similar purpose in regulating and guiding traffic, they conceivably could be considered non-conforming traffic control devices.
However, it appears that speed bumps and other vertical pavement shifts are considered highway design features, which are distinct from and not subject to regulation as traffic control devices even though they may "have obvious traffic operation significance."[2] See 17 NYCRR 200.9(b) (design and use of "highway design features" is not prescribed by Uniform Traffic Control Devices Manual, notwithstanding that some highway design features, including pavement texture and rumble strips, impact traffic operation); N.Y.S. Dep't of Transportation, Highway Design Manual, § 25.6, T. 25-1 n. 3 (Rev. 36, Feb. 5, 1999) (hereinafter HighwayDesign Manual) (categorizing speed bumps and other vertical pavement shifts separately from traffic control devices used as traffic calming measures). We therefore conclude that the installation of a speed bump, whether a permanent pavement installation or a temporary, removable bump like the one installed on your town highway, is not subject to state-wide uniformity as a traffic control device.
Rather, because a speed bump is considered a highway design feature, we believe that the design and installation of a speed bump on a town highway would be subject to the laws and procedures that generally govern highway maintenance and improvement projects. We are not aware of any provision of the Highway Law, or other State law, that specifically prohibits speed bumps as a highway design feature. Thus, in considering, designing and installing a speed bump or other vertical pavement shift, the Town should follow the procedures applicable to highway maintenance and improvement projects, including consulting with or obtaining any necessary approvals from county or state officials consistent with the nature of the installation, its location and the source of funding for the project. See, e.g., Highway Law § 102(2) and (6) (duties of county superintendent with respect to repair, maintenance and improvement of town highways); id. §§ 193, 194 and 195 (procedures governing certain town highway improvements); Vehicle and Traffic Law §1621 (Department of Transportation authorized to regulate traffic on local highways that intersect or meet state highways to a distance of 100 feet).
Moreover, although the Department of Transportation has not promulgated regulations governing the use of vertical shifts, cf., Highway Law §10(9), (12) (Commissioner of Transportation has authority to regulate the method of construction, improvement and maintenance of local highways), we note that their use and installation are addressed in the Department's Highway Design Manual.[3] See Highway Design Manual,supra, § 25.6, T. 25-1. According to the engineering guidelines attached as appendices to the Highway Design Manual, speed bumps generally are not recommended for installation on public roadways because they may cause vehicles to jolt when crossed at the lawful speed limit.See A Guidebook for Residential Traffic Management, supra, at 41 (speed bumps are commonly used in parking lots and on some private streets, but "should never be used on public roadways"); Florida Pedestrian Planningand Design Handbook, supra, at 129 ("speed bumps are not recommended for street use");[4] see also Highway Design Manual, supra, § 25.6, T. 25-1, n. 3 (speed bumps and other vertical shifts are not used on state highways in New York to control speed). We note that in certain instances, courts have found the use of speed bumps unreasonable and thus have held government entities liable for resulting injuries to motorists.[5]
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal opinion and unofficial expression of the views of this office.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General
In Charge of Opinions
[1] In highway design literature, speed bumps are distinguished from "speed humps," which are gradual raised pavement surfaces extending approximately twelve feet and are intended to slow traffic to approximately 20 to 25 miles per hour. See A Guidebook for ResidentialTraffic Management, supra, at 41; Florida Pedestrian Planning and DesignHandbook, supra, at 129.
[2] Although the Department of Transportation may have previously considered speed bumps to be non-conforming traffic control devices, see
Op. State Compt. No. 78-837 (discussing Department opinion), its subsequently promulgated regulation describing highway design features as "non-traffic control devices," 17 NYCRR 200.9(b), and its Highway DesignManual, clarify that such is no longer the case.
[3] The Highway Design Manual contains the Department's policy for design and construction projects on state highways and on other highways when funded or administered by the Department, Highway Design Manual,supra, § 25.2.1, and may be considered evidence of a generally accepted standard of care in highway design. See, e.g., Light v. State,250 A.D.2d 988, 989 (3d Dep't), lv. denied, 92 N.Y.2d 807 (1998);Benjamin v. State, 203 A.D.2d 629, 630 (3d Dep't 1994).
[4] The Department recommends that these handbooks be consulted as guidance in highway design until formal standards are adopted by the Department. See Highway Design Manual, supra, ch. 25, Appendices-General.
[5] See Colyer v. State of New York, 208 A.D.2d 490 (2d Dep't 1994) (State found liable where claimant established that speed bump on roadway was an unreasonably dangerous condition and was proximate cause of claimant's injuries); Mayor v. Harralson, 101 So. 713 (Miss. 1924) (installation of speed bump found to be unreasonable method of warning drivers of dangerous intersection and city held liable for personal injuries of motorist); see also Op. State Compt. No. 78-837 (concluding that village should not erect bumps on street to encourage the slowing of traffic because, inter alia, such bumps could lead to potential tort liability for bump-related mishaps).