■ GENERAL MOTORS CORPORATION, Respondent, v. ALLEGHENY AIRLINES INC., Appellant.— Order, Supreme Court, New York County, entered May 6, 1971, inter alia striking counterclaims of defendant, unanimously reversed to the extent appealed from, on the law, the motion to dismiss the counterclaims is denied, and the counterclaims are reinstated. Appellant shall recover of respondent $50 costs and disbursements of this appeal. The so-called Compromise Agreement, on which Special Term predicated its conclusion, and to which the defendant was not a signatory, is not clear as to its scope or intent vis-à-vis the defendant; nor is the record sufficient to sustain a determination that the defendant intended to waive rights as against General Motors. There being no clear and unequivocal evidence of intent to waive on the part of the defendant, and there being apparent at least an "arguable issue" in that respect, the dismissal by Special Term of the counterclaims as a matter of law, was erroneous. In our view, the validity of the counterclaims involve mixed questions of law and fact and are better reserved for trial. Finally, our holding is not indicative of a belief the counterclaims are meritorious; nor have we reached our disposition by placing any reliance on the affidavit of H. Robert Feingold, Esq., referred to in appellant's reply brief, which we regard as dehors the record. Concur — Capozzoli, J. P., McGivern, Nunez and McNally, JJ.

■ CLADOMIRO RIVERA, Respondent, v. EAST MADISON STREET, INC., Appellant.— Interlocutory judgment, Supreme Court, New York County, entered on March 18, 1971, in favor of the plaintiff, unanimously reversed, on the law and the facts, and vacated, without costs and without disbursements, and a new trial directed. This negligence action was tried by a jury on the issue of liability. The plaintiff alleged personal injuries as a result of falling down a flight of stairs due to a defective step. Constructive notice was alleged in the bill of particulars, and when one of the plaintiff's witnesses, Rafael Torres, testified to what amounted to actual notice, the court properly directed the jury to disregard it. During their deliberation, the jury requested a reading of this excluded testimony. The court then instructed them that this portion of Torres' testimony had been excluded and they should only consider constructive notice. The foreman then requested that the admissible parts of Torres' testimony be read because it was "fuzzy" in their memories. At this point, and unexplained in the record, only the testimony that had been excluded was read to the jury. This was clearly prejudicial to the defendant and of such a nature as to mandate a new trial. Concur — Capozzoli, J. P., McGivern, Kupferman, Murphy and Steuer, JJ.