■ LEON SEVILLA, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 65754.) STELLA SEVILLA, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 65571.) — Kane, J.

On September 9, 1979 at approximately 6:00 P.M., a single-car accident occurred on State Route 28, a two-lane concrete highway, in the Town of Olive, Ulster County. The car was operated by Leon Sevilla, claimant in claim No. 65754. His wife, Stella Sevilla, claimant in claim No. 65571, was seated next to him in the front seat, and his father was seated in the car's back seat. Weather conditions were clear and dry, and there was light at the time of the accident. Leon Sevilla was wearing his seat belt at the time of the accident; Stella Sevilla was not.

According to the testimony of an eyewitness to the accident, Leon Sevilla, traveling east on Route 28, passed another car and, when he moved back into his own lane, his right rear tire "caught a lip in the road" where the concrete road surface meets the gravel shoulder of the road. Apparently, Leon Sevilla traveled approximately 40 feet along the shoulder in this way before he completely regained the concrete road surface, whereupon his car proceeded into the westbound lane of oncoming traffic. The car then crossed back over into the eastbound lane, left the road and struck a tree. Leon and Stella Sevilla were injured, and Leon Sevilla's father was killed.

Leon and Stella Sevilla's claims were joined for trial. The trial court's decision found that the drop-off from the concrete road surface to the gravel shoulder in the area of Route 28 where the Sevilla vehicle had left the road was 4 to 8 inches and that this excessive drop-off represented a dangerous condition that was a proximate cause of the accident. The court also found that the drop-off had existed for a sufficient length of time prior to the accident so that the State had constructive notice thereof. The court found that Stella Sevilla had been damaged in the sum of $1,200,000 and that Leon Sevilla had been damaged in the sum of $45,000, but reduced the amount that Leon Sevilla was to receive to $18,000 (40% of $45,000) due to the fact that his own conduct was 60% responsible for the accident.

Thereafter, Leon Sevilla moved to amend his claim to include a claim for lost services and loss of consortium of his wife. The trial court found Leon Sevilla additionally damaged in the amount of $70,000, which it reduced to $28,000 (40% of $70,000)

because of Leon Sevilla's own culpable conduct. The State appeals from the judgment in claim No. 65571 (Stella Sevilla's claim) and from the judgment and the amended judgment in claim No. 65754 (Leon Sevilla's claim). Leon Sevilla cross-appeals from the judgment only in claim No. 65754.

The State argues (1) that a finding of a 4- to 8-inch drop-off from the concrete road surface to the shoulder as a basis for liability is against the weight of the evidence, (2) that, in any event, the State did not have actual or constructive notice of such a condition, and (3) that, if such a condition existed, it was not a proximate cause of the accident in question.

Witnesses at the scene of the accident testified as to various depths of the drop-off from the highway to the shoulder. However, the testimony on this issue, which the trial court obviously accepted, came from a witness who was a nearby resident familiar with the area and who actually measured the amount of the drop-off at various points where the Sevilla vehicle left the highway. It is, of course, within the trial court's domain to accept this testimony as the most credible and, on this record, we find no reason to disturb its conclusion that the drop-off constituted a dangerous condition (*see, Raynor v State of New York,* 98 AD2d 865; *see also, Schill v State of New York,* 258 App Div 769; *Retzel v State of New York,* 94 Misc 2d 562). Furthermore, there is ample evidence to sustain a finding of constructive notice of the dangerous condition from the testimony of the State's own expert witness. In addition, there were letters written to the Department of Transportation some five months before the accident complaining of the poor condition of the shoulders of the highway in the area of the scene of the accident. Therefore, a finding of both constructive and actual notice of a dangerous condition is demonstrated by the record (*Gaines v Long Is. State Park Commn.,* 60 AD2d 724, 725). Finally, an eyewitness to the accident, the driver of a bus traveling behind the Sevilla vehicle, provided a detailed description of the happening of the accident from which there is ample evidence to sustain the finding that the existing dangerous condition was a proximate cause of the accident.

On the issue of damages, we find no error in the trial court's apportionment of 60% liability for the happening of the accident to claimant Leon Sevilla or upon its grant of the motion to amend his claim and the total amount of the damages awarded to him. However, we view the award of $1,200,000 to claimant Stella Sevilla as excessive. She did, in fact, suffer severe permanent painful injuries requiring hospitalization for approximately 2½ months, including brain damage which resulted in

her becoming more dependent upon her husband. However, she has made a reasonably good recovery and, upon all the medical evidence submitted, we find that the award should be reduced to the sum of $750,000 (*see, Kalofonos v State of New York,* 115 Misc 2d 692, 701-703, *affd* 104 AD2d 75).

Judgment and amended judgment (claim No. 65754) affirmed, without costs.

Judgment (claim No. 65571) modified, on the facts, without costs, by reducing the award to the sum of $750,000, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.