■ In the Matter of the Liquidation of AMERICAN FIDELITY FIRE INSURANCE COMPANY and Another. REGENT HOTEL CORP., Appellant; NEW YORK STATE SUPERINTENDENT OF INSURANCE, Respondent. [617 NYS2d 858] —In a proceeding pursuant to Insurance Law article 74 for the liquidation of the American Fidelity Fire Insurance Company and the American Consumer Insurance Company, the Regent Hotel Corp. appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated October 9, 1992, which, *inter alia,* (1) granted the motion of the New York State Superintendent of Insurance, as liquida-

tor, to confirm the report of a Special Referee which determined that there had been a mailing of proper notice and proof of claim forms to the appellant and that the Superintendent's disallowance of the appellant's claim should be sustained, and (2) denied the appellant's cross motion to reject the Referee's report.

Ordered that the judgment is reversed, on the law and the facts, with costs, the motion is denied, the cross motion is granted, and the appellant's claim is allowed.

The New York State Superintendent of Insurance, as statutory liquidator (see, Insurance Law § 7405) of the American Fidelity Fire Insurance Company, acting pursuant to a court order of liquidation, denied a claim of the appellant Regent Hotel Corp. on the ground that the claim was not timely filed. The appellant challenged the denial, claiming that it never received any notice of the liquidation or proof of claim forms pursuant to Insurance Law § 7432. The Supreme Court confirmed a Special Referee's report, finding that the liquidator had established a regular office practice of mailing from which it could be presumed that the appellant received the required notices and, therefore, its claim should be denied as untimely. We disagree.

Contrary to the finding of the Supreme Court, the record before us lacks adequate competent proof that the notice of liquidation and proofs of claim required under Insurance Law § 7432 were ever mailed to the proper address of the Regent Hotel Corp. Specifically, the record contains unrefuted evidence that no less than two subsequent mailings were sent to the appellant at an incorrect address. Moreover, the liquidator was unable to produce a legible copy of the notices at issue from which it could be ascertained whether they had been properly addressed. While the liquidator produced a computer list containing the appellant's correct address, the list was generated the morning of the Referee's hearing, and the liquidator's sole witness could not say when the address shown had been entered into the computer. Although promising to do so, the liquidator's counsel never provided any further witnesses to establish that the correct address present in the computer at the time of the hearing in 1991 was present in 1986 at the time the notices were allegedly mailed. The computer list was, in fact, marked for identification, but never introduced into evidence for lack of a proper foundation. It is noted that in reaching his findings, the Referee improperly relied upon this computer list which had never been admitted

into evidence *(see, Robinson v New York El. R. R. Co.,* 175 NY 219).

Under the circumstances of this case, reliance on the presumption of receipt arising from an office practice of mailing was improper *(cf., Nassau Ins. Co. v Murray,* 46 NY2d 828). Accordingly, there being insufficient proof that the appellant was ever notified of the deadline for filing proofs of claim, the liquidator's disallowance of its claim as untimely was improper *(see, New York v New York, New Haven & Hartford Ry. Co.,* 344 US 293; *Matter of Transit Cas. Co. [Digirol—Superintendent of Ins.],* 79 NY2d 13, 19-20, *cert denied sub nom. Superintendent of Ins. of N. Y. v Digirol,* — US —, 113 S Ct 199). Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.