■ Rick Gregorius et al., Individually and as Parents and Natural Guardians of Rachel Gregorius, an Infant, Appellants, v County of Livingston, Respondent, et al., Defendants. [720 NYS2d 863] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by their 16-year old daughter when a pickup truck operated by defendant Gerald C. Sahrle went through a stop sign at the intersection of Liberty Pole Road and Route 255 in the Town of Sparta and struck an automobile operated by defendant Richard J. Bennett in which their daughter was a passenger. Both roads are owned and maintained by defendant County of Livingston (County). Plaintiffs contend that the County was negligent in failing to install a "stop ahead" sign on Liberty Pole Road to warn motor-

ists about the stop sign at the intersection. The County moved for summary judgment on the ground that it is immune from liability under the municipal planning doctrine (*see, Weiss v Fote,* 7 NY2d 579, 588-589, *rearg denied* 8 NY2d 934).

Supreme Court properly granted the County's motion. The County established that its decision not to erect a "stop ahead" sign was the result of adequate study and had a reasonable basis (*see, Weiss v Fote, supra,* at 589; *Chary v State of New York,* 265 AD2d 913, 913-914). Although plaintiffs submitted the affidavit of an expert that a "stop ahead" sign should have been installed in the area of the accident, "something more than a mere choice between conflicting opinions of experts is required before the [County] * * * may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (*Weiss v Fote, supra,* at 588; *see, Chary v State of New York, supra,* at 914). (Appeal from Order of Supreme Court, Livingston County, Bradstreet, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Burns and Lawton, JJ.