■ E.W. TOMPKINS COMPANY, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 78016.) [781 NYS2d 529]—

Carpinello, J. Appeal from a judgment of the Court of Claims (Corbett, Jr., J.), entered July 3, 2003, upon a decision of the court in favor of claimant.

At issue is an $185,000, plus interest, damage award to Tougher Industries, Inc., a subcontractor of claimant on a correctional facility construction project. Damages were awarded to Tougher, which had a liquidating agreement with claimant, as a result of defendant's failure to properly coordinate the project. Defendant does not take issue with the substantive finding that it caused delays in this project; rather, on appeal, it claims that a contractual notice provision in the contract between itself and claimant was not complied with by Tougher, that a particular exhibit was improperly admitted into evidence at trial and that the damage award itself is based upon speculative evidence. None of these contentions has merit; accordingly, we affirm.

As the contract between claimant and defendant did not require Tougher, as a subcontractor, to give independent notice of its claim to defendant, we reject defendant's contention that Tougher's claim should be dismissed on this ground (*cf. Tug Hill Constr. v County of Broome*, 270 AD2d 755, 756-757 [2000]). Nor do we find any error in the Court of Claims' evidentiary decision to admit claimant's exhibit No. 130 into evidence since the testimony of several witnesses sufficiently established the contents as business records (*see* CPLR 4518 [a]). Even if the court erred, such error was harmless given the testimonial evidence on the issue of damages.

Finally, with respect to defendant's argument that Tougher's

damages were too speculative to justify any award at all, we are again unpersuaded. Upon review of the testimony of Tougher's project manager, we are satisfied that Tougher adequately substantiated its claim for damages (*see e.g. Berley Indus. v City of New York*, 45 NY2d 683, 687 [1978]; *Gray v State of New York*, 251 AD2d 728, 729-730 [1998]). While this testimony was sufficiently detailed and specific to warrant the amount actually requested by Tougher, which was in excess of $290,000, Tougher itself has not cross-appealed from the judgment. This being the case, the award will not be disturbed by this Court.

Defendant's remaining contentions have been reviewed and rejected as being without merit.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.