■ KEVIN YERDON, Respondent, v COUNTY OF OSWEGO, Appellant. [842 NYS2d 834]—

Appeal from a judgment of the Supreme Court, Oswego County (James W. McCarthy, A.J.), entered October 11, 2006 in a personal injury action. The judgment, after a nonjury trial, was entered in favor of plaintiff and against defendant in the amount of $187,500, together with interest, costs and disbursements.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from a judgment that, following a bench trial, awarded plaintiff damages for injuries he sustained when a vehicle driven by a county sheriff's deputy struck him as he was crossing the road. The deputy was pursuing a speeding vehicle, and we agree with defendant that, because the deputy was engaged in an emergency operation within the meaning of Vehicle and Traffic Law § 1104 (b), Supreme Court erred in determining that defendant was not entitled to the benefit of that statute (see § 114-b; see also Saarinen v Kerr, 84 NY2d 494 [1994]). The deputy's own testimony characterizing the chase as a nonemergency operation is of no moment (see Criscione v City of New York, 97 NY2d 152, 158 [2001]).

We agree with the court, however, that the evidence established that the deputy acted with "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]), and that defendant therefore was not shielded by the provisions of section 1104 (b). Viewing the evidence in this bench trial in the light most favorable to plaintiff, the prevailing party (see Rauh v Conti, 16 AD3d 1144, 1144-1145 [2005]), we conclude that the court's determination that the deputy's actions were a proximate cause of the accident and the court's apportionment of liability are supported by a fair interpretation of the evidence (see Farace v State of New York, 266 AD2d 870 [1999]). The record does not support defendant's contention, which is based merely on "strong suspicion," that the court gave improper weight to the death of plaintiff's girlfriend in the same accident in determining plaintiff's emotional damages (see generally Trombetta v Conkling, 82 NY2d 549, 553-554 [1993]). Indeed, the court expressly stated that plaintiff's emotional and physical injuries

were caused contemporaneously, when the deputy struck plaintiff with a vehicle traveling at an excessive rate of speed. We conclude that the award for physical and emotional damages was proper (*see generally Johnson v State of New York*, 37 NY2d 378, 381 [1975]), and that the award does not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]). Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.