■ ELIZABETH KOSOFF-BODA, Appellant, v COUNTY OF WAYNE, Respondent and Third-Party Plaintiff. CHARLES R. BODA et al., Third-Party Defendants-Respondents. (Appeal No. 1.) [845 NYS2d 612]—

Appeal from an order of the Supreme Court, Wayne County (Stephen R. Sirkin, A.J.), entered March 30, 2006 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the motorcycle upon which she was a passenger collided with a vehicle at an intersection. According to plaintiff, defendant and third-party

plaintiff (defendant) failed to provide sufficient visibility at the intersection and to provide a proper warning of the two-way stop. In appeal No. 1, plaintiff appeals from an order granting defendant's motion for summary judgment dismissing the complaint and, in appeal No. 2, she appeals from an order denying her motion for leave to renew her opposition to defendant's motion.

We conclude in appeal No. 1 that Supreme Court properly granted defendant's motion. It is well established that, "in the field of traffic design engineering, the [municipality] is accorded a qualified immunity from liability arising out of a highway planning decision" (*Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *see generally Weiss v Fote*, 7 NY2d 579, 584-586 [1960], *rearg denied* 8 NY2d 934 [1960]). Pursuant to the doctrine of qualified immunity, "liability for injury arising out of the operation of a duly executed highway safety plan may only be predicated on proof that the plan either was evolved without adequate study or lacked reasonable basis" (*Weiss*, 7 NY2d at 589; *see Friedman*, 67 NY2d at 284). Once a municipality "is made aware of a dangerous traffic condition it must undertake reasonable study thereof with an eye toward alleviating the danger[, and] after the [municipality] implements a traffic plan it is 'under a continuing duty to review its plan in the light of its actual operation'" (*Friedman*, 67 NY2d at 284, quoting *Weiss*, 7 NY2d at 587). Here, in support of its motion defendant submitted evidence that its signs were installed in accordance with the Manual of Uniform Traffic Control Devices and that it conducted periodic reviews of traffic volume. In addition, defendant established that it had not received any written complaints concerning the intersection and that only one accident near the intersection had been reported in the two years prior to plaintiff's accident. We thus conclude that defendant met its initial burden on the motion by establishing that its highway plan was the result of adequate study and had a reasonable basis (*see Weiss*, 7 NY2d at 589; *Gregorius v County of Livingston*, 280 AD2d 936 [2001]). The contention of plaintiff that the intersection was improperly designed is supported only by her attorney's affidavit and thus is insufficient to raise an issue of fact to defeat defendant's motion (*see Green v County of Niagara*, 184 AD2d 1044 [1992]). In addition, her submission of additional traffic accident reports is insufficient to raise a triable issue of fact whether defendant was "made aware of a dangerous traffic condition . . . [to require it to] undertake reasonable study thereof with an eye toward alleviating the danger" (*Friedman*, 67 NY2d at 284). Those accident reports lack the requisite specificity to establish that defendant was aware of a dangerous

traffic condition, and the mere hope of plaintiff that further discovery might provide that specificity is insufficient to defeat defendant's motion (*see Preferred Capital v PBK, Inc.*, 309 AD2d 1168, 1169 [2003]).

We conclude with respect to appeal No. 2 that the court properly denied plaintiff's motion for leave to renew pursuant to CPLR 2221. The allegedly new materials submitted by plaintiff in support of the motion were matters of public record available before the court issued its decision on defendant's motion, and thus plaintiff failed to establish that those materials were not in existence or were unavailable at the time of defendant's motion (*see generally Welch Foods v Wilson*, 247 AD2d 830 [1998]). Present—Hurlbutt, J.P., Martoche, Smith, Centra and Fahey, JJ.