■ JORGINA GARCIA, Appellant, v GOOD HOME REALTY, INC., Respondent. [888 NYS2d 40]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered July 2, 2008, which, in an action for personal injuries sustained in a slip and fall on an interior staircase in an apartment building, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established its prima facie entitlement to summary judgment by showing that it neither created, nor had actual or constructive notice of the defective condition that caused plaintiff's fall (*see Smith v Costco Wholesale Corp.*, 50 AD3d 499, 500-501 [2008]). Defendant submitted, inter alia, the deposition testimony of one of its employees who said that after plaintiff's fall he inspected the stairs and saw that they were

dry. Defendant also submitted an affidavit from its porter at the time of the accident, who stated that he did not mop the stairs on the morning of plaintiff's fall.

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff, who initially testified that the cause of her fall was an unidentified wet condition of the stairs, submitted an affidavit stating that the stairs on which she slipped appeared to be recently mopped as they were wet and soapy. She also submitted an affidavit from her brother-in-law, who said that shortly before plaintiff's fall he noticed the soapy condition of the stairs. These affidavits are insufficient to defeat defendant's motion, as they contradict plaintiff's deposition testimony and appear to be tailored to avoid the consequences of her earlier testimony (*see e.g. Telfeyan v City of New York*, 40 AD3d 372, 373 [2007]; *Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]). Furthermore, the submission of the brother-in-law's affidavit, a previously undisclosed notice witness, for the first time in opposition to the motion for summary judgment is improper (*see Rodriguez v New York City Hous. Auth.*, 304 AD2d 468 [2003]).

We have considered plaintiff's remaining arguments, including that the motion court should not have considered the porter's affidavit, and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ.