■ DANIEL G. TRONOLONE, ESQ., as Guardian of the Property of RONALD H.B., an Incapacitated Person, Respondent, v BERNARD F. JANKOWSKI, Appellant. [904 NYS2d 594]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered January 27, 2009. The order and judgment, among other things, granted plaintiff's motion for summary judgment.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, as guardian of the property of an incapacitated person (IP), commenced this action for conversion, fraud and breach of fiduciary duty. According to plaintiff, defendant, who had been appointed guardian of the IP's person but not the IP's property, had taken money from the IP's house. We conclude that Supreme Court properly granted plaintiff's motion for summary judgment. We note at the outset that defendant does not contend on appeal that the court erred in denying his cross motion for leave to amend his answer and thus is deemed to have abandoned any such contention (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Defendant admitted in his answer that he found the money in question in the IP's house but asserted that, with the IP's knowledge and consent, he gave $46,000 in cash and $6,600 in savings bonds to the grandson of defendant's deceased wife to hold in trust for the IP. He also admitted the allegations in the complaint that he was the guardian of the IP's person and that he knew that plaintiff was the guardian of the IP's property. The contention of defendant that there is an issue of fact whether he was authorized by the IP to have the money held in trust for the IP's benefit is without merit. It is undisputed that, at the time defendant found the money, the IP had been adjudged to be mentally incapacitated. In any event, plaintiff established in support of his motion that, after becoming guardian of the IP's property, he instructed defendant to inform him in the event that defendant discovered any money, stocks or

bonds at any of the properties owned by the IP. It is further undisputed that defendant did not do so until approximately seven years later, at which point about one half of the money was missing. When plaintiff asked defendant to return the missing funds, defendant informed plaintiff that he had given the funds to his deceased wife's grandson. The grandson, however, denied having received the funds. We thus conclude that plaintiff met his initial burden on the motion, and we further conclude that defendant failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Indeed, we reject the contention of defendant that he raised a triable issue of fact by the statement in his opposing affidavit that the funds were given to him by the IP's aunt. That self-serving statement contradicts defendant's prior admissions "and appear[s] to be tailored to avoid the consequences of [those prior admissions]" (*Garcia v Good Home Realty, Inc.*, 67 AD3d 424, 425 [2009]; *see Rosenblatt v Venizelos*, 49 AD3d 519 [2008]). Present—Scudder, P.J., Smith, Peradotto, Lindley and Sconiers, JJ.