■ JESSICA M. SCHMIDT, Respondent, v TINA M. GUENTHER, Respondent, and HEATHER E. WATT et al., Appellants, et al., Defendant. [963 NYS2d 888]—

Appeal from an order of the Supreme Court, Niagara County (Catherine Nugent Panepinto, J.), entered June 21, 2012. The order, insofar as appealed from, denied the motion of defendants Heather E. Watt and Mary Watt for summary judgment dismissing the complaint and all cross claims against them.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint and all cross claims against defendants Heather E. Watt and Mary Watt are dismissed.

Memorandum: Plaintiff commenced this personal injury action after being involved in a four-vehicle rear-end collision in July 2008 on Transit Road near its intersection with Rapids Road in the Town of Lockport. The first vehicle in the chain was operated by Heather E. Watt and was owned by Mary Watt (collectively, defendants); the second was operated by defendant Mark J. Besecker; the third was operated by plaintiff; and the fourth was operated by defendant Tina M. Guenther. While Besecker successfully avoided rear-ending defendants' vehicle and plaintiff successfully stopped before rear-ending Besecker's vehicle, Guenther was not able to stop her vehicle in time, and she rear-ended plaintiff's vehicle. Defendants contend that Supreme Court erred in denying their motion for summary judgment dismissing the complaint and all cross claims against them because Besecker and plaintiff had completely and successfully stopped their vehicles behind defendants' vehicle before plaintiff's vehicle was rear-ended by Guenther's vehicle. According to defendants, that stop broke the chain of causation and thereby relieved them of liability for plaintiff's subsequent injuries. We agree. We therefore reverse the order insofar as appealed from (see Schmidt v Guenther, 103 AD3d 1162 [2013]). Present—Centra, J.P., Fahey, Carni, Lindley and Whalen, JJ.

■ DEBORAH E. MARROW, Individually and as Administratrix of the Estate of ANTHONY L. MARROW, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 111701.) [964 NYS2d 330]—

Appeal from a judgment of the Court of Claims (Jeremiah J.

Moriarty, III, J.), dated October 4, 2011. The judgment dismissed the claim after a nonjury trial.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this wrongful death action individually and as administratrix of the estate of Anthony L. Marrow (decedent), seeking damages for the fatal injuries sustained by decedent when a vehicle that was entering the adjacent highway from an entrance ramp struck decedent's motorcycle as the motorcycle was traveling on the highway. The driver of the vehicle who struck the motorcycle (driver) lost control of her vehicle after driving onto the shoulder of the entrance ramp as she rounded a curve. At trial, claimant sought to establish that the driver lost control of her vehicle due to the negligence of defendant in not repaving the entire shoulder of the entrance ramp, which resulted in a $2^{1/2}$-inch drop-off in the middle of the shoulder.

We note at the outset that claimant appeals from a decision dismissing her claim after a nonjury trial, but no appeal lies from a decision (*see Pecora v Lawrence*, 28 AD3d 1136, 1137 [2006]). We exercise our discretion, however, to treat the notice of appeal as valid and deem the appeal as taken from the judgment entered upon the decision (*see* CPLR 5520 [c]; *Brown v State of New York*, 79 AD3d 1579, 1581 [2010]).

Initially, we agree with claimant that the Court of Claims erred insofar as it determined that defendant was entitled to qualified immunity. Under the doctrine of qualified immunity, "a governmental body may be held liable when its study of a traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan" (*Friedman v State of New York*, 67 NY2d 271, 284 [1986]; *see Weiss v Fote*, 7 NY2d 579, 589 [1960], *rearg denied* 8 NY2d 934 [1960]; *Kosoff-Boda v County of Wayne*, 45 AD3d 1337, 1338 [2007]). Here, defendant did not raise the defense of qualified immunity in its answer to the claim or at trial (*cf. Brown*, 79 AD3d at 1580) and, in any event, defendant failed to establish that the decision to armor coat the entrance ramp and only part of the shoulder, rather than to resurface the entrance ramp including the entire shoulder, resulted from any study. Indeed, defendant's expert admitted that there was no "plan" with respect to that decision, and we thus conclude that defendant failed to establish that the qualified immunity doctrine is applicable.

In the alternative, the court concluded that the drop-off was not an unreasonably dangerous condition and, further, that the drop-off was not a proximate cause of the accident. Contrary to

claimant's contention, we conclude that the verdict is not against the weight of the evidence (*see Garofalo v State of New York*, 17 AD3d 1109, 1110 [2005], *lv denied* 5 NY3d 707 [2005]; *Ring v State of New York*, 8 AD3d 1057, 1057 [2004], *lv denied* 3 NY3d 608 [2004]). "When the State or one of its governmental subdivisions undertakes to provide a paved strip or shoulder alongside a roadway, it must maintain the shoulder in a reasonably safe condition for foreseeable uses, including its use resulting from a driver's negligence" (*Bottalico v State of New York*, 59 NY2d 302, 304 [1983]; *see Stiuso v City of New York*, 87 NY2d 889, 891 [1995]). The court credited the testimony of witnesses that the 2½-inch drop-off was considered "reasonably safe" under the New York State Department of Transportation Highway Maintenance Guidelines. The court's determination that the drop-off did not constitute a dangerous condition is thus supported by the record (*cf. Sevilla v State of New York*, 111 AD2d 1046, 1047-1048 [1985]).

In addition, the court's determination that the drop-off was not a proximate cause of the accident and that, instead, the sole proximate cause of the accident was the driver's negligence is also supported by the record (*see McCauley v State of New York*, 8 NY2d 938, 940 [1960], *rearg denied* 8 NY2d 1157 [1960]). Defendant's expert testified that it would not have been a problem for a vehicle to mount the drop-off and return to the roadway. He explained that the driver here had turned the wheel of her vehicle sharply to the right to return to the roadway and then turned the wheel sharply to the left in an attempt to recover control of her vehicle. As a result of her sharp turns, the vehicle appeared to be "fishtailing," which is consistent with the observation of the various witnesses. It is also consistent with the driver's statement that she had tried to steer but did not use her brakes. The opinion of defendant's expert that the driver's reaction was due to inexperience and panic was supported by the testimony of the police investigators that the driver had overcorrected her steering and lost control of her vehicle. We reject the contention of claimant that the court could not consider the driver's inexperience in making its proximate cause determination (*see Ether v State of New York*, 235 AD2d 685, 686 [1997]). Further, we note that, although claimant's expert testified that the driver encountered a "scrubbing" hazard when she drove onto the shoulder and that the drop-off played a role in causing the accident, defendant's expert refuted that testimony by asserting that there was no scrubbing re-entry onto the roadway. The court credited the testimony of defendant's expert inasmuch as it concluded that there was no physical evidence that the driver encountered a scrubbing haz-

ard, and we defer to that credibility determination (*see Ring*, 8 AD3d at 1057). We therefore conclude that the record supports the court's determination that the driver's negligence in failing to maintain control of her vehicle was the sole proximate cause of the accident (*see Schwartz v New York State Thruway Auth.*, 95 AD2d 928, 929 [1983], *affd* 61 NY2d 955 [1984]). Present—Centra, J.P., Fahey, Carni, Lindley and Whalen, JJ.