# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**241**

**CA 12-00974**

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

DEBORAH E. MARROW, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF ANTHONY L.
MARROW, DECEASED, CLAIMANT-APPELLANT,

V                                                          MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 111701.)

---

HOGAN WILLIG, PLLC, GETZVILLE (JOHN B. LICATA OF COUNSEL), FOR
CLAIMANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Court of Claims (Jeremiah J.
Moriarty, III, J.), dated October 4, 2011. The judgment dismissed the
claim after a nonjury trial.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Claimant commenced this wrongful death action
individually and as administratrix of the estate of Anthony L. Marrow
(decedent), seeking damages for the fatal injuries sustained by
decedent when a vehicle that was entering the adjacent highway from an
entrance ramp struck decedent's motorcycle as the motorcycle was
traveling on the highway. The driver of the vehicle who struck the
motorcycle (driver) lost control of her vehicle after driving onto the
shoulder of the entrance ramp as she rounded a curve. At trial,
claimant sought to establish that the driver lost control of her
vehicle due to the negligence of defendant in not repaving the entire
shoulder of the entrance ramp, which resulted in a 2½-inch drop-off in
the middle of the shoulder.

We note at the outset that claimant appeals from a decision
dismissing her claim after a nonjury trial, but no appeal lies from a
decision (*see Pecora v Lawrence*, 28 AD3d 1136, 1137). We exercise our
discretion, however, to treat the notice of appeal as valid and deem
the appeal as taken from the judgment entered upon the decision (*see*
CPLR 5520 [c]; *Brown v State of New York*, 79 AD3d 1579, 1581).

Initially, we agree with claimant that the Court of Claims erred
insofar as it determined that defendant was entitled to qualified

immunity.  Under the doctrine of qualified immunity, "a governmental body may be held liable when its study of a traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan" (*Friedman v State of New York*, 67 NY2d 271, 284; *see Weiss v Fote*, 7 NY2d 579, 589, *rearg denied* 8 NY2d 934; *Kosoff-Boda v County of Wayne*, 45 AD3d 1337, 1338).  Here, defendant did not raise the defense of qualified immunity in its answer to the claim or at trial (*cf. Brown*, 79 AD3d at 1580) and, in any event, defendant failed to establish that the decision to armor coat the entrance ramp and only part of the shoulder, rather than to resurface the entrance ramp including the entire shoulder, resulted from any study.  Indeed, defendant's expert admitted that there was no "plan" with respect to that decision, and we thus conclude that defendant failed to establish that the qualified immunity doctrine is applicable.

In the alternative, the court concluded that the drop-off was not an unreasonably dangerous condition and, further, that the drop-off was not a proximate cause of the accident.  Contrary to claimant's contention, we conclude that the verdict is not against the weight of the evidence (*see Garofalo v State of New York*, 17 AD3d 1109, 1110, *lv denied* 5 NY3d 707; *Ring v State of New York*, 8 AD3d 1057, 1057, *lv denied* 3 NY3d 608).  "When the State or one of its governmental subdivisions undertakes to provide a paved strip or shoulder alongside a roadway, it must maintain the shoulder in a reasonably safe condition for foreseeable uses, including its use resulting from a driver's negligence" (*Bottalico v State of New York*, 59 NY2d 302, 304; *see Stiuso v City of New York*, 87 NY2d 889, 891).  The court credited the testimony of witnesses that the 2½-inch drop-off was considered "reasonably safe" under the New York State Department of Transportation Highway Maintenance Guidelines.  The court's determination that the drop-off did not constitute a dangerous condition is thus supported by the record (*cf. Sevilla v State of New York*, 111 AD2d 1046, 1047-1048).

In addition, the court's determination that the drop-off was not a proximate cause of the accident and that, instead, the sole proximate cause of the accident was the driver's negligence is also supported by the record (*see McCauley v State of New York*, 8 NY2d 938, 940, *rearg denied* 8 NY2d 1157).  Defendant's expert testified that it would not have been a problem for a vehicle to mount the drop-off and return to the roadway.  He explained that the driver here had turned the wheel of her vehicle sharply to the right to return to the roadway and then turned the wheel sharply to the left in an attempt to recover control of her vehicle.  As a result of her sharp turns, the vehicle appeared to be "fishtailing," which is consistent with the observation of the various witnesses.  It is also consistent with the driver's statement that she had tried to steer but did not use her brakes.  The opinion of defendant's expert that the driver's reaction was due to inexperience and panic was supported by the testimony of the police investigators that the driver had overcorrected her steering and lost control of her vehicle.  We reject the contention of claimant that the court could not consider the driver's inexperience in making its proximate cause determination (*see Ether v State of New York*, 235 AD2d 685, 686).  Further, we note that, although claimant's expert

testified that the driver encountered a "scrubbing" hazard when she drove onto the shoulder and that the drop-off played a role in causing the accident, defendant's expert refuted that testimony by asserting that there was no scrubbing re-entry onto the roadway.  The court credited the testimony of defendant's expert inasmuch as it concluded that there was no physical evidence that the driver encountered a scrubbing hazard, and we defer to that credibility determination (*see Ring*, 8 AD3d at 1057).  We therefore conclude that the record supports the court's determination that the driver's negligence in failing to maintain control of her vehicle was the sole proximate cause of the accident (*see Schwartz v New York State Thruway Auth.*, 95 AD2d 928, 929, *affd* 61 NY2d 955).

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court