◼ GAIL JOHNSON, Individually and as Administrator of the Estate of GARY JOHNSON, Deceased, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 113658.) [56 NYS3d 723]—

Appeal and cross appeal from a judgment of the Court of Claims (Michael E. Hudson, J.), entered December 16, 2015.

The interlocutory judgment apportioned liability 30% to defendant and 70% to claimant.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this action seeking damages for injuries she sustained when her tractor-trailer rolled over on State Highway I-86. Claimant alleges that defendant, the State of New York, was negligent in failing to install "rumble strips" in the proper location on the highway's shoulder and in failing to repave the entire shoulder, resulting in a two-to-four-inch drop-off in the shoulder. The Court of Claims concluded that, while the drop-off was partially responsible for causing claimant's tractor-trailer to roll over, claimant's inattention and failure to reduce her speed were significant contributing factors. Thus, the court apportioned 30% liability to defendant and 70% liability to claimant. We affirm.

Claimant's contention that she is entitled to benefit from the emergency doctrine is raised for the first time on appeal, and it is therefore not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Contrary to the contentions raised by both claimant and defendant, we conclude that the verdict is supported by a fair interpretation of the evidence (*see Black v State of New York* [appeal No. 2], 125 AD3d 1523, 1524-1525 [2015]; *Farace v State of New York*, 266 AD2d 870, 870 [1999]). "When the State or one of its governmental subdivisions undertakes to provide a paved strip or shoulder alongside a roadway, it must maintain the shoulder in a reasonably safe condition for foreseeable uses" (*Bottalico v State of New York*, 59 NY2d 302, 304 [1983]; *see Marrow v State of New York*, 105 AD3d 1371, 1373 [2013]). We reject defendant's contention that the opinion of claimant's expert lacked a factual basis in the record or amounted to no more than speculation (*cf. Diaz v New York Downtown Hosp.*, 99 NY2d 542, 545 [2002]). Rather, we conclude that the court properly credited the testimony of claimant's expert, who opined that the two-to-four-inch drop-off on the highway's shoulder was unsafe and was a contributing cause of claimant's accident.

We further conclude that the court also properly credited the testimony of defendant's witnesses and expert, who opined that the placement of the rumble strips was a proper exercise of engineering discretion and was not a proximate cause of claimant's accident. In addition, the court properly credited the testimony of defendant's expert insofar as he opined that claimant's inattention and failure to reduce her speed were significant factors contributing to the accident. We therefore

conclude that the court's apportionment of liability was in all respects proper (*see Marrow*, 105 AD3d at 1373-1374; *Yerdon v County of Oswego*, 43 AD3d 1437, 1438 [2007]). Present—Carni, J.P., Lindley, DeJoseph, Curran and Troutman, JJ.