VanLoan v Jones (2019 NY Slip Op 04616)





VanLoan v Jones


2019 NY Slip Op 04616


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1414 CA 18-01279

[*1]EDWARD C. VANLOAN, JR., AND KAREN DUFFY, AS EXECUTORS OF THE ESTATE OF CHARLOTTE S. VAN LOAN, DECEASED, PLAINTIFFS-RESPONDENTS,
v
ROBIN . JONES, DEFENDANT-APPELLANT. 






LAW OFFICES OF HARIRI & CRISPO, NEW YORK CITY (RONALD D. HARIRI OF COUNSEL), FOR DEFENDANT-APPELLANT.
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (JOHN M. DELANEY OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered October 3, 2017. The order and judgment, among other things, adjudged that defendant pay the Estate of Charlotte S. Van Loan the sum of $150,000 plus interest. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Prior to her death, decedent Charlotte S. Van Loan commenced this action seeking, inter alia, to recover money that defendant withdrew from decedent's bank account without her permission. Edward C. Van Loan, Jr., and Karen Duffy, as executors of decedent's estate, were substituted as plaintiffs following decedent's death, and thereafter Supreme Court granted their motion for summary judgment on their first cause of action, for repayment of $150,000 withdrawn by defendant from decedent's bank account, together with interest.
Initially, we note that defendant appeals, as stated in her notice of appeal, from an "Order and Decision" dated September 14, 2017 and entered October 3, 2017. That description identifies a decision, from which no appeal lies; nevertheless, in the absence of prejudice to plaintiffs, we will exercise our discretionary power to treat the notice of appeal as valid and the appeal as properly taken from the order and judgment entered October 3, 2017 (see CPLR 5520 [c]; Marrow v State of New York, 105 AD3d 1371, 1372 [4th Dept 2013]; Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]).
Contrary to defendant's contention, the court properly granted plaintiffs' motion. We reject defendant's contention that plaintiffs failed to support their motion with the affidavit of someone with personal knowledge of the relevant events (see generally CPLR 3212 [b]). In addition to the affidavit of the attorney who attempted on behalf of decedent to obtain a promissory note for repayment of the money withdrawn from decedent's bank account, plaintiffs submitted the affidavit of defendant, originally submitted in a separate probate proceeding involving the same parties in Surrogate's Court. Therein, defendant averred that she had an oral agreement with decedent "that the $150,000 would be paid back with the interest [decedent] would have made if the money had been left in the bank," and that this loan was to be repaid within two years. In opposition, defendant failed to raise an issue of fact whether the money she borrowed was not to be repaid to decedent but was to be deducted from defendant's inheritance upon decedent's death. In the affidavit defendant submitted in opposition to plaintiffs' motion, and in direct contrast to her earlier sworn statements, defendant averred that she and decedent [*2]"agreed that in exchange for the loan and the services my husband and I provided to her for over 40 years, the $150,000 for the loan would be taken out of [defendant's] inheritance upon [decedent's] death." Defendant further averred that, as such, there were questions of fact "whether [she] should be absolved of liability for the loan.' " Inasmuch as defendant's later affidavit contradicts her earlier one and appears to be tailored to avoid summary judgment on the admitted loan (see Tronolone v Jankowski, 74 AD3d 1721, 1722 [4th Dept 2010]; see also Castro v City of New York, 94 AD3d 1032, 1033 [2d Dept 2012], lv denied 19 NY3d 813 [2012]; Garcia v Good Home Realty, Inc., 67 AD3d 424, 425 [1st Dept 2009]), the assertions in the later affidavit are insufficient to raise an issue of fact precluding summary judgment (see Tronolone, 74 AD3d at 1722). Finally, we reject defendant's contention that the court erred in granting plaintiffs summary judgment because plaintiffs' first cause of action is inextricably intertwined with defendant's counterclaim for the fair and reasonable value of the services rendered by her to decedent.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court