Tuckett v State of New York (2023 NY Slip Op 06617)

Tuckett v State of New York

2023 NY Slip Op 06617

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

788 CA 22-01089

[*1]ALI TUCKETT, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 129488.) 

NEUFELD SCHECK & BRUSTIN, LLP, NEW YORK CITY (KATIE MCCARTHY OF COUNSEL), FOR CLAIMANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment of the Court of Claims (Debra A. Martin, J.), entered June 24, 2022. The judgment dismissed the claim. 
It is hereby ORDERED that the judgment so appealed from is affirmed without costs.
Memorandum: Claimant commenced this action pursuant to Court of Claims Act § 8-b seeking damages based on allegations that he was wrongfully convicted in 2011 of, inter alia, two counts each of criminal sexual act in the first degree (Penal Law § 130.50 [1], [4]) and sexual abuse in the first degree (§ 130.65 [1], [3]) and subsequently imprisoned by defendant, State of New York. Claimant's conviction stemmed from accusations by his cousin (complainant) that claimant sexually abused him in the summer of 2009 when the complainant was 10 years old. In 2014, the complainant met with the prosecutor and recanted the accusations. In June 2015, County Court (Argento, J.) granted claimant's CPL 440.10 motion and vacated the conviction. After a bench trial on claimant's section 8-b claim, the Court of Claims dismissed the claim. We affirm.
Claimant contends that the court improperly relied on documents and facts that were not in evidence in rendering its decision. Claimant first notes that the complainant's aunt never testified and asserts that it was therefore improper for the court to state that the aunt witnessed, testified about, and was disturbed by an incident where the complainant had been alone in the bedroom with claimant and ran out of the room crying. But both the complainant and claimant testified that the aunt saw the complainant coming out of the room crying, and claimant testified that, at the criminal trial, the aunt may have given such testimony. There was therefore admissible evidence to support the court's finding regarding the aunt (see generally E.W. Tompkins Co., Inc. v State of New York, 9 AD3d 755, 755 [3d Dept 2004]; Marshall v State of New York, 252 AD2d 852, 853-854 [3d Dept 1998]).
Claimant also notes that the complainant's grand jury and criminal trial testimony were not admitted in evidence, and thus there was no basis for the court to refer to an incident of abuse that happened a week before the complainant's birthday party and to state that the complainant "consistently" testified before the grand jury and at the criminal trial with the same story. However, the complainant testified that the incident where he left the room crying occurred one week before his birthday party, which claimant acknowledged during his deposition that was admitted in evidence, and the record therefore supports the court's finding (see generally E.W. Tompkins Co., Inc., 9 AD3d at 755; Marshall, 252 AD2d at 853-854).
Claimant further contends that the court mischaracterized the evidence by stating that claimant sat with the complainant in church, let the complainant use his phone, and showed the complainant photos of naked women and people having sex. The complainant testified that [*2]claimant and he frequently sat together at church and claimant allowed him to use his phone while they were in church, but he denied seeing pictures of naked women. He also testified that he recalled previously testifying that he had seen naked people having sex on claimant's phone. He then explained that he had merely stumbled upon such pictures while looking through the phone. Claimant testified at this trial, the criminal trial, and at his deposition that he had pictures of naked women on his cell phone. He also admitted at the criminal trial that he would allow the complainant to use his phone at church, and he saw the complainant scrolling through his phone. The evidence at the trial and the reasonable inferences therefrom support the court's findings (see generally Gristwood v State of New York, 119 AD3d 1414, 1416 [4th Dept 2014]; Przesiek v State of New York, 118 AD3d 1326, 1327 [4th Dept 2014]; Marrow v State of New York, 105 AD3d 1371, 1373-1374 [4th Dept 2013]).
Claimant also contends that there was no basis for the court to conclude that family members observed "grooming behaviors," but there was testimony at this trial that claimant, who was 35 years old at the time, spent hours with the complainant playing video games in the complainant's bedroom, sometimes with the door closed. There was also testimony that claimant paid more attention to the complainant than the other cousins and would often tease him and wrestle with him in front of other family members; the complainant's mother testified that she believed that claimant "targeted" the complainant and would tell claimant to "stop messing with him." That testimony, together with the inference that claimant allowed the complainant to see the photos of naked women on his cell phone, supports the court's conclusion regarding grooming behaviors (see generally Gristwood, 119 AD3d at 1416; Przesiek, 118 AD3d at 1327; Marrow, 105 AD3d at 1373-1374).
Claimant further contends that the court erred by relying on hearsay evidence consisting of the complainant's statements to the police and the prosecutor that he "felt better" after revealing the abuse and expressed concerns about his health and anatomy because of the abuse. Although we agree with claimant that the evidence constituted hearsay, reversal is not required based on the court's error (see generally Eisenberg v State of New York, 79 AD3d 795, 795-796 [2d Dept 2010]; Rinaldi v State of New York, 300 AD2d 1141, 1141-1142 [4th Dept 2002]). The improper hearsay testimony was not relied upon by the court in determining that the complainant's recantation was unconvincing and that claimant was essentially not credible. The court found that the complainant's recantation was unconvincing because, inter alia, he offered little explanation about what prompted it and the complainant's mother waited months before bringing the complainant's recantation to the prosecutor. The court also relied upon the complainant's "shockingly flat affect when testifying to his remorsefulness and the alleged guilt he felt" in finding his recantation unconvincing. In short, the court found the relevant testimony of both claimant and the complainant to be unworthy of belief, and it gave numerous and detailed reasons based on admissible evidence for making those credibility determinations.
Viewing the "record in the light most favorable to sustain the judgment," and giving deference to the "court's evaluation of the credibility of the witnesses and quality of proof" (Ramulic v State of New York, 179 AD3d 1494, 1495 [4th Dept 2020] [internal quotation marks omitted]), we perceive no basis to set aside the court's determination that claimant failed to establish by clear and convincing evidence that he did not commit the acts of sexual abuse (see Court of Claims Act § 8-b [5] [c]; see generally Reed v State of New York, 78 NY2d 1, 11 [1991]).
We have considered claimant's remaining contentions and conclude that they are without merit.
All concur except Montour and DelConte, JJ., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent inasmuch as we agree with claimant that the Court of Claims erred in considering the grand jury and trial testimony of claimant's cousin (complainant), as well as the trial testimony of complainant's mother and aunt, each of which had been marked for identification, but had not been introduced in evidence (see Matter of American Fid. Fire Ins. Co. [Regent Hotel Corp.-New York State Supt. of Ins.], 208 AD2d 830, 831-832 [2d Dept 1994]). Additionally, we conclude that it is clear from the court's decision that the improperly considered and prejudicial evidence "substantially affected the verdict" (Razza v Sanchez-Roda, 173 AD2d 594, 595 [2d Dept 1991]; see generally Rivera v East Madison St., 37 AD2d 809, 809 [1st Dept 1971]). We further agree with claimant that the [*3]court erred in considering hearsay statements made by complainant to the Assistant District Attorney who had prosecuted the criminal matter. We conclude that "[t]he claim that the statement[s] did not constitute hearsay is without merit, as [they were] plainly offered in evidence to prove the truth of the matter asserted in the statement[s]" (People v Pascuzzi, 173 AD3d 1367, 1377 [3d Dept 2019], lv denied 34 NY3d 953 [2019] [internal quotation marks omitted]). Inasmuch as the court expressly relied upon the statements as evidence of the credibility of complainant's original accusations, the error cannot be deemed harmless (see Carr v Burnwell Gas of Newark, Inc., 23 AD3d 998, 1000 [4th Dept 2005]; see also Chwojdak v Schunk, 213 AD3d 1310, 1312 [4th Dept 2023]).
We would therefore reverse the judgment, reinstate the claim, and grant a new trial.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court