Lilian C. v State of New York (2026 NY Slip Op 01872)

Lilian C. v State of New York

2026 NY Slip Op 01872

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, SMITH, AND
GREENWOOD, JJ.

11 CA 25-00089

[*1]LILIAN C., INDIVIDUALLY AND AS GUARDIAN OF
STEFANIE C., CLAIMANT-APPELLANT-RESPONDENT,
vTHE STATE OF NEW YORK,
DEFENDANT-RESPONDENT-APPELLANT. (CLAIM NO. 127148.) 

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (STEVEN W.
WILLIAMS OF COUNSEL), FOR CLAIMANT-APPELLANT-RESPONDENT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF
COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 

 Appeal and cross-appeal from an interlocutory judgment of the Court of Claims (J.
Scott Odorisi, J.), entered January 3, 2025. The interlocutory judgment apportioned
liability 20% to defendant. 
It is hereby ORDERED that the interlocutory judgment so appealed from is
unanimously affirmed without costs.
Memorandum: Claimant commenced this action on behalf of herself and her daughter
seeking damages for injuries that they sustained as passengers in a motor vehicle accident
that occurred when the driver of another vehicle (nonparty driver) failed to yield the right-
of-way and turned left in front of the vehicle that claimant and her daughter were in.
Following a bifurcated nonjury trial on liability, the Court of Claims determined that
defendant, State of New York (State), was 20% responsible and the nonparty driver was
80% responsible for the happening of the accident. Claimant appeals, and the State cross-
appeals. We affirm.
The court concluded that the State failed to remedy a dangerous intersection
condition, but the primary fault for the accident was the nonparty driver's failure to
exercise enough caution under the circumstances. Contrary to the contentions of both
claimant and the State, the court's apportionment of liability is supported by a fair
interpretation of the evidence (see Destino v State of New York, 203 AD3d 1598, 1599-
1600 [4th Dept 2022]; Johnson v
State of New York, 151 AD3d 1672, 1673-1674 [4th Dept 2017]). We have
considered the parties' remaining contentions and conclude that they are without merit.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court